Castner & Hinkley, Plaintiffs in Error vs. Chandler & Green, Defendants in, Error.

### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The Statutes of the State give original jurisdiction of all matters involving one hundred dollars and less, (with the exceptions in the Statute contained,) to the Courts of Justices of the Peace exclusively, and all matters exceeding that amount, to the District Courts exclusively. The object of the acts are, to "limit" the jurisdiction of the Courts.

The following is the description of the note upon which this action was brought, as contained in the complaint :

"That the Defendants heretofore at St. Paul, made their promissory note in writing, bearing date the eleventh day of July, 1855, whereby they promised to pay McLagan & Stillman the sum of ninety-two dollars and fifty cents, twenty days after the date thereof," and Plaintiffs claimed that "the Defendants are justly indebted to them thereon, in the sum of ninety-two dollars and fifty cents, principal, together with interest from the eleventh day of July, 1855, at the rate of three per cent. per month."

The Defendants demurred to the complaint, on the ground that the sum in controversy was less than one hundred dollars, and that the District Court had no jurisdiction of the action.

The Court overruled the demurrer, and judgment was entered according to the prayer of the complaint.

Which judgment the Defendants review by Writ of Error.

There are no points and authorities on file, on behalf of either party.

Sanford & Beveridge, Counsel for Plaintiffs in error.

Wm. P. Murray, Counsel for Defendants in error.

*By the Court.*—Flandrau, J. The Defendants in error in this Court sued the Plaintiffs in error, in the month of November, 1855, in the District Court of Ramsey County, on a note dated July 11th, 1855, for ninety-two dollars and fifty cents, payable in twenty days from date, and made by the Defend-

ants below. The complaint prays for judgment for the note with interest at two per cent. per month. While the allegations in the complaint show that it does not draw any interest until after due, and then only seven per cent. per annum.

At the time of the commencement of the action there was less than one hundred dollars due on the note.

The Defendants in the Court below demurred to the complaint on the ground that the Court had no jurisdiction of the subject-matter of the action. The demurrer was overruled and judgment given for the Plaintiff for the note with two per cent. per month interest. The Defendants bring error to this Court.

Whatever opinion the Court below may have entertained on the question of jurisdiction raised by the demurrer, we are at a loss to see how interest at two per cent. per month could have been allowed on a note which made no provision for interest at all, and feel satisfied that the judgment must have been rendered upon a mistake of facts, most probably upon a note intended to have been declared upon, but mis-described in the complaint.

The jurisdiction of the several Courts of the Territory of Minnesota, were derived from the organic act of the Territory, which provides in Section nine, " The jurisdiction of the several Courts herein provided for, both appellate and original, and that of Probate Court and Justices of the Peace shall be as limited by law. *Provided*, That the Justices of the Peace shall not have jurisdiction of any matter in controversy where the title or boundaries of land may be in dispute, or where the debt or sum claimed shall exceed one hundred dollars."

In pursuance of this act, the Legislature of the Territory made provision for limiting the jurisdiction of the Courts of Justices of the Peace, on *page* 299 *of the Revised Statutes.*

Section 5 provides as follows :

" Sec. 5. Every such Justice shall have jurisdiction over and cognizance of the following actions and proceedings :

"1st. In an action arising on contract for the recovery of money only, if the sum claimed does not exceed one hundred dollars."

The subdivision of Section 5, confers jurisdiction on the Justice Court of the subject of this action; various other matters

are given by subsequent subdivisions, to the Justices' Court, but they are unimportant to the present inquiry.

On page 287 of the Revised Statutes, Section 3, as amended by Section 5, of the amendments of 1851, to the Revised Statutes, on page 6 of amendments, the jurisdiction of the District Court is limited as follows:

"Sec. 3. The District Courts of this Territory shall have original jurisdiction in equity as herein prescribed: And original jurisdiction in all civil actions within their respective districts when the sum in controversy shall exceed one hundred dollars, and in all civil actions in which a Justice of the Peace has not jurisdiction whatever may be the amount in controversy; and appellate jurisdiction from Courts of Probate and Justices of the Peace, as hereinafter provided," &c. &c.

The District Courts are as much the creatures of the Statutes, as the Justices' Courts, and can have no jurisdiction except such as is given them by the Statutes creating them. The words "original jurisdiction," are used in the Statute as distinguished from "appellate jurisdiction," and must be interpreted to mean, "*may entertain in the first instance.*"

It is quite evident that the intention of the Statutes is to give original jurisdiction of all matters involving one hundred dollars and less, (with the exceptions in the Statute contained) to the Courts of Justices of the Peace exclusively, and all matters exceeding that amount, to the District Courts exclusively. The object of the acts, in the words of the organic law, are to "limit" the jurisdiction of the Courts; the language is restrictive in its application as much to the District, as to the Justices' Courts. It is used in both instances to confer jurisdiction, or in other words, to provide what actions may be *originally instituted* in those Courts. The same words are used, except the word "original," in connection with the District Court, which would have been meaningless when speaking of the lowest tribunal in the Territory which could by no possibility exercise any but original jurisdiction.

The language being identical in both cases, and it being necessarily restrictive in its application to Justices' Courts, must be taken to have been so used in reference to the District Courts. This view is strengthened by the clause confer-

ing jurisdiction particularly on the District Courts, "in all civil actions of which a Justice of the Peace has not jurisdiction." This includes those matters less than one hundred dollars in amount, but which involve the title or boundaries of land, or are otherwise taken from a Justice. It seems that the Legislature deemed it necessary to provide particularly for these exceptional cases, and having done so, the maxim " *expressum facit cessare tacitum,* " will apply.

It was urged on the argument, that the restriction was only applicable to the question of costs. This error might easily be fallen into by consulting the practice reports of New York on the subject, without observing the difference in the organization of the two Courts.

The Supreme Court of New York has succeeded to the jurisdiction of her old colonial Courts which was general and comprehended cases of all magnitudes. The Statutes of that State have only made the recovery of a certain amount necessary to carry costs, but have in no way interfered with the question of jurisdiction.

The Court below had no jurisdiction of the subject of the action. The demurrer to the complaint was therefore improperly overruled. The judgment is reversed with costs.