ALEXANDER T. COMPTON, Appellant, *v.* "THE CHELSEA," Respondent.

Ejectment will lie at the suit of the owner of real estate for a forcible entry and detainer, and in such an action treble damages may be demanded and recovered if plaintiff establishes that the disseizin was actually effected *vi et armis.* The owner is not confined to the summary remedy given by the Code of Civil Procedure (§§ 2233–2236), nor to a separate action for the recovery of the treble damages as authorized by said Code (§ 1669).

Where, therefore, the complaint alleged the ownership of certain real estate, a forcible entry and disseizin by defendant, and asked for a recovery of possession and for treble damages, *held,* that the action was properly regarded as one of ejectment, and so that plaintiff was entitled as matter of right to a new trial upon compliance with the conditions prescribed by the Code (§ 1525).

*Compton* v *" The Chelsea"* (70 Hun, 361), reversed.

(Argued October 2, 1893; decided October 27, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made July 5, 1893, which reversed an order of Special Term granting a motion to vacate a judgment in favor of defendant entered upon a ver-

dict directed by the court and for a new trial under section 1525 of the Code of Civil Procedure, and which denied said motion.

The complaint in this action alleged that defendant was a corporation organized for the purchasing, acquiring and improving real estate for an apartment house; that it agreed with each subscriber to its capital stock that on payment thereof said subscriber should become owner and become entitled to the peaceable possession forever of a specific apartment in the apartment house to be constructed by defendant, and that it would deliver to said subscriber said specific apartment without further cost or expense to him; that Thomas C. Van Brunt subscribed and paid for seventy shares of stock, and thereby became entitled to an apartment numbered 21; that thereafter Van Brunt sold said seventy shares of stock to plaintiff; that defendant afterwards completed its building about October 1, 1884, delivered apartment No. 21 to plaintiff, who remained in possession of it until October 23, 1886, receiving the rents, issues and profits; that day his tenant moved out, having locked the doors of said apartment, and defendant, without plaintiff's knowledge or consent, forcibly and wrongfully entered said apartment, changed the locks and retains possession of the same, although plaintiff has demanded possession and has been refused. It was then alleged that defendant claimed to own said apartment, and Thomas C. Van Brunt (who was originally a party defendant) claimed possession by virtue of some agreement with defendant, or a pretended lease executed by it. The value of the use and occupation of said apartment was alleged to be $850 per year. Plaintiff demanded judgment for possession of said apartment, with damages for withholding the same, and damages for rents and profits, together with treble damages.

The case is reported on a former appeal from a judgment therein (128 N. Y. 545).

*A. T. Compton* for appellant. The Code provides for a new trial in actions of ejectment after " final judgment." (Code Civ. Pro. § 1525; *Landon* v. *Townshend,* 133 N. Y. 674.)

The complaint and the record determine the character of the action. (Code Civ. Pro. §§ 481, 1511, 1519, 3343; 1 Washb. on Real Prop. [5th ed.] 18; *Dennster* v. *Kelly*, 110 N. Y. 558; Laws of 1871, chap. 535; *Porter* v. *Williams*, 9 N. Y. 142, 148; *Argus Co.* v. *Mayor, etc.*, 55 id. 495, 501; *Kent* v. *Q. M. Co.*, 78 id. 178; *Demings* v. *Supreme L. of K.*, 131 id. 522, 526; *Howell* v. *Leavitt*, 90 N. Y. 238; *Whittlesey* v. *Franz*, 74 id. 462; *Compton* v. *Chelsea*, 128 id. 545.) The action for forcible entry and detainer is not pleaded. (Code Civ. Pro. § 1207; *Livingston* v. *Palmer*, 1 Cow. 175; *Willard* v. *Warren*, 17 Wend. 257; *Krower* v. *Reynolds*, 99 N. Y. 245, 250; *Sparman* v. *Keim*, 83 id. 250; *McRoberts* v. *Bergman*, 132 id. 73.) The theory of the complaint was one cause of action, and it was not the intention of the pleader to demand damages for rents and profits, and also treble damages, except as incident to and connected with the claim and right to recover possession. (*People* v. *Mayor, etc.*, 17 How. Pr. 64; *Bucher* v. *Carroll*, 19 Hun, 618; *Lattin* v. *McCarty*, 41 N. Y. 107; *Phillips* v. *Gorham*, 17 id. 270; *Van Voorhis* v. *Kelly*, 31 Hun, 293, 296; *Leprell* v. *Kleinschmidt*, 112 N. Y. 367.) Even if two causes of action were well pleaded, plaintiff on the new trial would be limited to the action of ejectment. The granting of the order herein for a new trial operates, per se, as a severance of the causes of action and the exclusion of the prosecution of any action save that of ejectment. (*Beckwith* v. *R. I. Co.*, 12 Wkly. Dig. 528.) Plaintiff's application for a new trial, under section 1525, operates per se (if two causes of action exist) as an election to proceed upon the action of ejectment. (*Knox* v. *Hexter*, 71 N. Y. 461; *Mills* v. *Parkhurst*, 126 id. 93; *Rodermund* v. *Clark*, 46 id. 354.) Plaintiff having been defeated on the issue of title is entitled to a new trial. (*Compton* v. *Chelsea*, 128 N. Y. 545.) The order of the General Term can be modified by this court limiting the new trial to the action of ejectment, if the court deems a modification necessary to preserve the rights of the parties respectively. (*Goodsell* v. *W. U. T. Co.*, 109 N. Y. 147, 152.)

*William H. Shepard* for respondent. The plaintiff is not entitled to a statutory new trial. (Code Civ. Pro. §§ 1525, 1669; *Shumway* v. *Shumway*, 42 N. Y. 143; *McConnell* v. *McCullough*, 47 Hun, 405; *Marvin* v. *Marvin*, 11 Abb. Pr. [N. S.] 102; *Butts* v. *Fillmore*, 45 N. Y. S. R. 452; *Crowley* v. *Murphey*, 26 J. & S. 264; *Goldberg* v. *Utley*, 60 N. Y. 429; *Wiles* v. *Suydam*, 64 id. 173.)

*Per Curiam.* In an action to recover real property, or the possession thereof, the plaintiff may demand in his complaint, and, in a proper case, recover damages for withholding the property. (Code, §§ 1496, 484, sub. 5). Under § 1669, if the plaintiff was disseized, and kept out of possession by force, he may have treble damages in an action therefor against the wrongdoer. Where the plaintiff has title, ejectment will lie for a forcible entry and detainer, and in such a case, treble damages may be demanded and recovered, if he establishes that the disseizin was actually effected *vi et armis.* It is true that by §§ 2233–6, a summary remedy is given, where the unlawful entry and detention is the result of physical force, by a proceeding in a District Court, but the plaintiff is not restricted to such a course any more than in a case where a tenant in possession refuses to surrender upon the expiration of his tenancy. He may, if he so elects, resort to his action of ejectment, and in the same suit recover his damages, which may be trebled, if the wrongful entry and withholding are shown to be of the character described in § 1669. We are, therefore, of the opinion that there are not two inconsistent causes of action stated in the complaint. It is true that the plaintiff alleges that the defendant's unlawful entry was by force, but that does not change the nature of the action; it merely characterizes one element of it, and supports the plaintiff's claim for increased damages on account of it; but the plaintiff may still insist upon the recovery of the possession, if his pleading is supported by proofs, and of such damages as he may be shown to be entitled to. It is also true that he might have brought a separate action simply for the recovery of the

treble damages which are authorized by § 1669, and that in such an action he need not prove his right to possession, but only that he was peaceably in possession and had been forcibly ejected. But he is not precluded from recovering such damages in case he has the right to the possession and seeks to recover the property itself. If he establishes his title, he may have such damages for the wrongful entry and detainer of the defendant as the law permits, upon the facts which may be proven and found at the trial.

The complaint, we think, contains all the necessary averments of a cause of action in ejectment; it has been regarded as an action of that character upon both of the former trials, and the case was thus brought within the provisions of § 1525, which does not permit of the exercise of any discretion when application is made for a new trial, and the statutory conditions have been complied with.

The order of the General Term must be reversed and that of the Special Term affirmed, with costs in this court, and at General Term.

All concur, except PECKHAM and GRAY, JJ., dissenting.

Ordered accordingly.