(50 App. Div. 434.)

### WATERBURY v. DECKELMANN.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. FORCIBLE ENTRY AND DETAINER—CIVIL LIABILITY—PLEADING—COMPLAINT.
    A complaint in an action to recover damages under Code Civ. Proc. § 1669, providing that persons forcibly ejected from real property can recover treble damages from the wrongdoer, is sufficient if it shows that the plaintiff was in peaceable possession and was forcibly ejected, though his interest in the premises is not alleged.

2. SAME.
    A complaint in an action to recover treble damages, under Code Civ. Proc. § 1669, for having been put out of real property in a forcible manner, alleging that the forcible ejection occurred while an unincorporated association, of which plaintiff was president, was using the premises in holding its entertainment and reception, which was attended by its members, customers, and guests, states enough facts to warrant the inference that the possession was of a peaceable character.

Appeal from municipal court, borough of Brooklyn, Fourth district.

Action by Holly D. Waterbury, as president of the Knights of Honor Wheelmen, an unincorporated association, against Charles Deckelmann. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

W. R. Spooner, for appellant.
Paul Victor O'Neil, for respondent.

WILLARD BARTLETT, J.  This action was brought to recover treble damages, under section 1669 of the Code of Civil Procedure, for having been put out of real property in a forcible manner.  The complaint alleges that on or about the 6th day of November, 1899, the Knights of Honor Wheelmen, an unincorporated association, of which the plaintiff is president, was in actual possession and use of the real property known as the "Palm Garden," in the Twenty-Eighth ward of the borough of Brooklyn, "and was entitled to such possession and use, and the peaceable and quiet occupancy and enjoyment thereof, throughout the evening of that day and the night following, and until the hour of four o'clock in the forenoon of the next day, in the holding therein of an entertainment and reception conducted by and for the benefit of said unincorporated association, said Knights of Honor Wheelmen, attended by its members, customers, and guests, in great numbers."  The complaint further alleges that at about 11 o'clock p. m. of the day first mentioned, while the said unincorporated association "was in actual possession and use of said premises, in the holding of said entertainment and reception, attended by its members, customers, and guests, then and there present in great numbers, intending and desiring to remain in the continued enjoyment of said entertainment and reception until said hour of four o'clock a. m. of the following day," the defendant then and there forcibly entered, and, with threats, disseised, ejected, and put out of said premises the said unincorporated association, its members, customers, and guests, by force and with a strong hand.  When the case came on for trial in the municipal court, a motion was made in behalf of the defendant to dismiss the complaint on the ground that the plaintiff had mistaken his remedy, which was for a breach of contract, if anything.  Counsel for the defendant also stated that he demurred to the complaint upon the ground that it did not contain facts sufficient to constitute a cause of action for damages for forcible entry and detainer.  The court granted the motion to dismiss, and sustained the demurrer, with costs to the defendant.

The only question which we are called upon to determine in the present appeal is the sufficiency of the complaint, under section 1669 of the Code.  The respondent insists that in an action for forcible entry and detainer the rule is that the complaint must contain a description of the plaintiff's interest in the premises.  In behalf of the appellant, on the other hand, it is contended that it is enough, under the section of the Code cited, if the complaint shows that the plaintiff at the time of the alleged forcible entry was in the peaceable possession of the premises.  Some confusion on this subject has arisen from the fact that the phrase "forcible entry and detainer" is often applied to two entirely different proceedings.  The Revised Statutes, in their original form, dealt expressly with the subject of "Forcible Entries and Detainers," in article 1 of title 10 of chapter 8 of part 3 (2 Rev. St. p. 507).  In this article provision was made for a summary proceeding before a judge of the county court, in which a person forcibly put out of the premises might obtain restitution thereof, together with his costs and expenses.  In this pro-

ceeding a complaint was required to be accompanied by an affidavit showing that the complainant had an estate in the premises, or some right to the possession thereof (stating the same); and it was frequently held that a mere allegation of the right of possession, in a proceeding instituted under this article of the Revised Statutes, was not sufficient, inasmuch as the legislature intended to require the party to disclose the nature of his right to the possession, and how and from whom he acquired it. People v. Field, 52 Barb. 198. In formulating the second part of the present Code of Civil Procedure, the article of the Revised Statutes to which I have referred, relating to forcible entries and detainers, was substantially transferred to the title treating of summary proceedings to recover the possession of real property. The provisions relating to forcible entry and detainer begin with section 2233; and in section 2235 it is expressly prescribed that the person seeking to maintain the proceeding must in his petition describe the premises of which he claims possession, and the interest therein of the petitioner or the person whom he represents. It was under this section that the general term of the Fifth department decided the case of Schneider v. Leizman, 57 Hun, 561, 11 N. Y. Supp. 434, upon which the respondent appears to have placed much reliance in the court below. It is to be borne in mind, however, that the present action is in no sense a summary proceeding for forcible entry and detainer, under section 2233 of the Code of Civil Procedure, corresponding in character to the proceeding for forcible entry and detainer provided for in the article of the Revised Statutes already discussed (2 Rev. St. p. 507). This suit was instituted under section 1669 of the Code, the provisions of which are derived from an entirely different title in the Revised Statutes, namely, that treating "Of Trespass on Lands." Id. p. 338. Section 4 of that title reads as follows:

"If any person be disseised, ejected or put out of any lands or tenements, in a forcible manner, or being put out, be afterwards holden and kept out by force, or with strong hand, he shall be entitled to maintain an action of trespass, and shall recover therein treble the damages assessed by the jury or by a justice of the peace, in cases provided by law."

Its language is closely followed in section 1669 of the Code:

"If a person is disseized, ejected, or put out of real property, in a forcible manner; or after he has been put out, is held and kept out, by force, or by putting him in fear of personal violence, he is entitled to recover treble damages, in an action therefor against the wrongdoer."

It is held by the court of appeals that a separate action simply for the recovery of treble damages may be maintained under this section, and that in such an action the plaintiff need not prove his right to possession, but only that he was peaceably in possession, and forcibly ejected. Compton v. The Chelsea, 139 N. Y. 538, 34 N. E. 1090. I think the present suit is to be treated as such an action. It is true that the complaint does not contain any express allegation that the unincorporated association represented by the plaintiff was peaceably in possession of the Palm Garden, but I think it states facts enough to warrant the inference that the possession was of a peaceable character. The statement that the forcible ejection took

place at a time while the association was in the actual use of said premises in the holding of its entertainment and reception, which was attended by the members, customers, and guests, who were then and there present in great numbers, intending and desiring to remain in the continued enjoyment of the entertainment and reception, certainly implies that on the occasion of the defendant's interference the Knights of Honor Wheelmen were in peaceable possession of the property.

In my opinion, the complaint was erroneously dismissed. The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.