EZRA S. ABBOTT ET AL. V. HAMILTON J. COATES.

FILED JUNE 19, 1901.   No. 9,913.

Commissioner's opinion, Department No. 2.

1. **Purchaser at Judicial Sale:** EJECTMENT: FORCIBLE ENTRY AND DE-
    TAINER. The grantee in a sheriff's deed executed on a confirma-
    tion of sale, in a proceeding to foreclose a tax lien, may
    maintain ejectment against an adverse claimant to the lands
    described therein; the proceeding by forcible entry and detainer
    being a cumulative and not an exclusive remedy for such relief.

2. **Description in Sheriff's Deed.** The office of a description in a
    sheriff's deed is not to identify lands, but to provide the means
    of identification, and it is sufficent when this is done.

3. ———: EVIDENCE ALIUNDE. Extrinsic evidence is admissible to
    locate lands conveyed by a sheriff's deed containing an accurate
    but general description.

4. **Ejectment:** STRENGTH OF PLAINTIFF'S TITLE. Plaintiff in an action
    of ejectment must rely for a recovery on the strength of his
    own title and not on the want of title in his adversary.

5. **Sheriff's Deed.** Where the plaintiff's claim of title is founded on
    a sheriff's deed·made on an order of sale, in a proceeding to
    foreclose a tax lien, and the decree and order of sale are intro-
    duced in evidence to supplement such sheriff's deed, the decree
    and order of sale will control the description of the property
    to be sold; and where such decree and order of sale excepts
    certain lots in a block, but the sheriff's·deed conveys the entire
    block, *held* that as to the lots specifically excepted in the decree
    and order of sale, such sheriff's deed conveys no title.

ERROR from the district court for Saline county. Tried below before HALL, J. *Reversed.*

*Ezra S. Abbott,* for himself, *W. H. Morris* and *Robert Ryan,* with him.

*Hastings & Sands, contra.*

Argued orally by *Robert Ryan* for plaintiffs in error, and by *Addison S. Tibbets* for defendant in error.

OLDHAM, C.

This was an action in ejectment instituted by the defendant in error, herein styled the plaintiff, against the plaintiffs in error, herein styled the defendants, to recover the possession of certain lots and blocks in Lane's First Addition to Pleasant Hill, in Saline county, Nebraska. Plaintiff claims title by virtue of a sheriff's deed executed and delivered to him on a decree and order of sale in a proceeding in the district court of Saline county, Nebraska, to foreclose tax liens on these lands. To this foreclosure proceeding defendants were both made parties and answered, setting up substantially the same defense which they have interposed in this action. No appeal or error proceedings were instituted to review this judgment. Plaintiff had judgment in the court below and defendants bring error.

Almost all the allegations of error relied on for a reversal of the judgment of the lower court are predicated on the proposition that the description, in the sheriff's deed of the plaintiff, is too vague and uncertain to convey any lands. This contention arises from the fact that no plat of the original town of Pleasant Hill was ever filed with the county clerk or register of deeds of Saline county, Nebraska, as provided by law. The plat of the addition in which the lots and blocks in controversy are situated was properly filed for record on August 4, 1871; but to locate these lands it was necessary for the trial court to

admit extrinsic evidence as to the location of the town of Pleasant Hill. This extrinsic evidence consisted of the notes of the county surveyor, who platted and surveyed the original town of Pleasant Hill; these notes being part of the public records of Saline county. The court also admitted in evidence a book called the "Irregular Tract Book," which contained a plat of the original town of Pleasant Hill made by the county surveyors of Saline county, which was preserved as a public record in the office of the register of deeds and county clerk in said county. Evidence was also admitted that for many years lots and blocks had been sold in Pleasant Hill from the plat made by the county surveyor and that taxes had been assessed on these lots and blocks from this Irregular Tract Book for over twenty years. Evidence was also introduced that the defendant had bought and sold lots both in the original town of Pleasant Hill and in the addition thereto. Now the question to be disposed of is, was this extrinsic evidence properly admissible for the purpose of aiding the description in the sheriff's deed?

It has been held that it is not necessary that a sheriff's deed should of itself describe lands so that they may be located by the deed alone, but it is sufficient if the description contained in such deed furnishes the means by which the lands can be definitely located. This doctrine of the construction of a deed received the unqualified approval of this court in an able and exhaustive opinion written by NORVAL, J., in the case of *Hubermann v. Evans*, 46 Nebr., 784, 65 N. W. Rep., 1045. It has also been held that extrinsic evidence is admissible to locate lands conveyed by a sheriff's deed containing an accurate but general description. *Works v. State*, 22 N. E. Rep. [Ind.], 127. *Rucker v. Steelman*, 73 Ind., 396; *Smith v. Crosby*, 86 Tex., 15, 23 S. W. Rep., 10; *Brown v. Warren*, 16 Nev., 228; *Ward v. Saunders*, 6 Ired. [N. Car.], 382. As these authorities seem to sustain the action of the trial court in admitting extrinsic evidence, the next question which follows is as to the competency of the evidence actually

admitted. On this question we think that the action of the trial court is fully sustained by the holding of this court in the case of *Roads v. Estabrook,* 35 Nebr., 297, 303. In this case, as also in the earlier case of *Bryant v. Estabrook,* 16 Nebr., 217, 223, it was held that for the purpose of enforcing the collection of tax liens it was not necessary that a plat of an addition to a city or village should be legally recorded; and in *Roads v. Estabrook, supra,* evidence of the exact nature of that admitted in the case at bar was received with approval.

Defendants contend that the decision in this case is governed by the decision in the case of *Lane v. Abbott,* 23 Nebr., 489. That case was a suit in ejectment instituted by Lane against this defendant to recover the possession of all or a part of the lots now in controversy. Lane claimed title by deeds from owners of the different lots in the addition which he had received subsequent to the deed which he had executed to Abbott for the entire quarter-section in which this addition was located. Abbott had judgment below, and this judgment was affirmed because Lane had failed to establish with certainty the location of Pleasant Hill. It was said in the opinion that "there is not sufficient proof of the exact location of the 'walnut stake' in the surveyor's certificate, from which the location of the plat of the addition could be established." But in the case at bar the location of this "stake" was definitely established by the testimony of the witness Castor, who made the survey. Again, it is plain from a review of that case that the Irregular Tract Book was not introduced in evidence, as in the case at bar. And again, in this case plaintiff, by his purchase at the sale in the foreclosure proceedings, to which defendants were parties, acquired all the title of the defendants to the lands involved in that suit. *Carson v. Dundas,* 39 Nebr., 503. *Merriam v. Goodlett,* 36 Nebr., 384; *Buchanan v. Griggs,* 18 Nebr., 121, 130. It therefore follows that the issues in this suit are in nowise determined by the judgment in *Lane v. Abbott, supra.*

The contention is urged that plaintiff had mistaken his remedy in bringing ejectment in this suit and in not proceeding under section 1020 of the Code of Civil Procedure, by an action of forcible entry and detainer. It can hardly be possible that this contention is seriously relied upon, as it has long been held that where the holder of the legal title to real estate is dispossessed, his proper remedy is by ejectment. *Gregory v. Lancaster County Bank,* 16 Nebr., 411. While section 1020 of the Code would have permitted plaintiff in this case to proceed by forcible entry and detainer, yet such provision is plainly a cumulative and not an exclusive remedy.

There is one contention, however, of counsel for the defendants with which we agree, and that is that there is not sufficient evidence to sustain the judgment with reference to lots 3 and 4 in block 9 of the addition. The decree and order of sale on which the sheriff's deed was based were offered in evidence to supplement the deed. It is a well defined rule that the sale must be according to the decree. *Nebraska Loan & Trust Co. v. Hamer,* 40 Nebr., 281. *Tootle v. White,* 4 Nebr., 401. The decree and order of sale directed the appraisal and sale of all of block 9, except lots 3 and 4, while the deed purports to convey all of block 9, and by the verdict of the jury and the judgment of the court below the plaintiff recovered all of block 9. Hence the judgment of the lower court, so far as lots 3 and 4 in said block are concerned, is wholly unsupported by the evidence. Jones, Mortgages [4th ed.], sec. 655 and cases cited. This was an error that probably crept into the proceedings without the attention of the trial court having been specifically called to it, and as section 594 of the Code of Civil Procedure provides that "When a judgment or final order shall be reversed either in whole or in part, in the supreme court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment," it is recommended that this cause be remanded to the court below with directions to render judg-

ment for plaintiff for all the lands described in his petition except lots 3 and 4, in block 9, in Lane's First Addition to Pleasant Hill, Saline county, Nebraska.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause remanded to the court below with instructions to render judgment for plaintiff for all the lands described in his petition, except lots 3 and 4, in block 9, in Lane's First Addition to Pleasant Hill, Saline county, Nebraska.

REVERSED AND REMANDED.