### MENDELSON v. KITT et al.

(City Court of New York, Special Term. July 29, 1904.)

**1. FORCIBLE ENTRY AND DETAINER—ANSWER—SUFFICIENCY.**

In an action under Code Civ. Proc. § 1669, providing that if a person is disseised, ejected, or put out of real property in a forcible manner, he is entitled to recover treble damages against the wrongdoer, where the complaint alleged that on a certain day, while the plaintiff was in peaceful possession, the defendants wrongfully and without warrant of law broke into the plaintiff's apartments, and forcibly removed him and his family, together with their household effects, from the premises, a separate defense simply alleging that the relation between defendants and the plaintiff was not at any time that of landlord and tenant is demurrable.

Action by Jacob Mendelson against Jacob Kitt and another. On demurrer to separate defense. Demurrer sustained.

Isaac Ringel (Isidor Wels, of counsel), for plaintiff.
Edgar R. Mead, for defendant.

PALMIERI, J. Plaintiff demurs to the second separate defense contained in defendant's answer on the ground that it is insufficient in law on the face thereof. The complaint alleges in substance that on the 18th day of March, 1904, while the plaintiff was in peaceful possession of certain apartments in the premises known as No. 243 Stanton street, the defendants wrongfully and without warrant of law broke into the plaintiff's apartments, and forcibly removed the plaintiff and his family, together with their household effects, from the premises. Treble damages are claimed. The answer, besides denying the material allegations of the complaint, alleges as a separate defense that the plaintiff was the janitor of the premises, in the service of the former owners of the property, with the right to occupy the premises in question as long as he remained the janitor; that when the defendants came into possession of the premises on the 7th of March, 1904, they dispensed with plaintiff's services as janitor; and that, the plaintiff, refusing to surrender the possession of the premises he occupied as janitor, he was removed with no more force than was necessary. The defendants then allege, as a further separate defense, "that the relation betwen themselves and said plaintiff was not at any time that of landlord and tenant." It is to this last defense that the demurrer is interposed. It is evident that this suit is instituted under section 1669 of the Code. It is now well settled that, in an action of this kind, all that need be alleged is that the plaintiff was in peaceable possession of the premises, without specifically alleging or showing the nature of plaintiff's interest in the premises, or the relationship existing between the plaintiff and the defendants. Waterbury v. Deckelmann, 50 App. Div. 434, 64 N. Y. Supp. 60; Compton v. The Chelsea, 139 N. Y. 538, 34 N. E. 1090. Of course, if plaintiff's possession of the premises was merely incidental to his service as janitor, his master had the legal right, on the ter-

mination of the relationship of master and servant between them, to remove the servant, with his goods and chattels, from the premises, and to employ the necessary force for that purpose. Kerrains v. People, etc., 60 N. Y. 221, 19 Am. Rep. 158. If, for instance, a domestic is employed in a private house, and is given a room for her convenience, on her discharge it is not necessary to institute any legal proceedings to recover possession of the room; but, if she refuses to vacate it, she and her belongings may be removed by force, without liability therefor on the part of the master, provided no more force than necessary be used. But the facts in connection with such removal must be set forth, if it is to be relied upon as a defense to an action of this kind. The defendants have, indeed, in their first separate defense, set forth facts tending to show that the plaintiff's occupancy of the premises was merely incidental to his employment as a servant, and the defendants removed him on the termination of his employment. But why the defendants supplemented this by setting up, as a separate and distinct defense, that the relationship of landlord and tenant never existed between them, I cannot conceive. This alleged second and separate defense is merely a conclusion necessarily following from the facts set forth in the first defense. But being labeled a separate and distinct defense, it must, in and of itself, and irrespective of any allegation or denials set forth elsewhere in the answer, be a complete defense to the cause of action set forth in the complaint. Judged by this standard, the second separate and distinct defense to the complaint is clearly insufficient, and the demurrer must be sustained.

Demurrer sustained, with costs.