NAPIER et al. v. SPIELMANN et al.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. FORCIBLE ENTRY AND DETAINER—RIGHT OF PLAINTIFF TO POSSESSION.

N., having the control of the output of silk mills, contracted with defendants to install the goods from such mills in an annex to defendants' store, the lease of which stood in defendants' name. The goods were to be consigned to defendants, who were to provide a porter, an entry clerk, and business stationery, and were to defray insurance charges and advance a certain amount monthly for salaries and expenses, for which they were to have a lien on the goods. N. was to sell the goods, employing his own traveling salesmen, and paying all handling charges, but defendants were to receive the proceeds, and, after paying N. a certain commission, and retaining a commission for themselves, were to account to the manufacturers for the balance. Defendants were to be the sole judges as to whom credit should be given in making sales.

*Held,* that N. was either a servant or a mere licensee of defendants, and therefore could not maintain forcible entry and detainer against the defendants on being ejected by them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Forcible Entry and Detainer, § 34.]

2. SAME—CONDUCT OF BUSINESS BY PARTNERSHIP.

The fact that N. formed a partnership with another and conducted the business in the partnership name did not render the firm formal tenants of defendants, entitling the firm to maintain forcible entry and detainer, since the occupancy of the firm was under the contract between N. and defendants.

McLaughlin and Ingraham, JJ., dissenting.

Appeal from Trial Term, New York County.

Action of forcible entry and detainer by Thomas S. Napier and another against Charles Spielmann and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

See 54 Misc. Rep. 96, 103 N. Y. Supp. 982.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

J. Noble Hayes, for appellants.
Charles E. Rushmore, for respondents.

HOUGHTON, J. The plaintiff Napier, having control of the output of certain silk mills, and having experience in the marketing of such product, entered into a contract with the defendants Spielmann & Co., the material provisions of which were that the manufactured silks should be exclusively consigned to Spielmann & Co., who should advance to the manufacturers on consignment two-thirds of their net market value, which goods Napier was to sell, paying all expenses for traveling salesmen and all handling charges. Such goods as should be sold were to be billed to customers in the name of Spielmann & Co. and the purchase price was to be paid to them; they to* guarantee payment for all sales. From the net amount of sales Spielmann & Co. were to deduct 7½ per cent. and retain 3½ per cent. for themselves and pay 4 per cent. to Napier, and to account to the manufacturers for the balance. The goods were to be stored for shipment and exhibition at "an annex" to the business establishment of Spielmann & Co., the rent of which they were to pay, and they were to provide a porter and an entry clerk as well as business stationery, and also defray insurance charges. Spielmann & Co. were to be the sole judges of the persons to whom credit should be extended, and were themselves to render accounts of sales to the manufacturing establishments, and were to have a lien on the goods for their advances, with the right to sell the goods for reimbursement in case such advances were not paid, or in case Napier did not fulfill the contract on his part. Spielmann & Co. were to advance to Napier $1,000 each month to cover salaries and expenses incurred by him, and the contract was to continue one year, and from year to year thereafter, unless either party should three months before the 1st day of August in any year give notice of its termination. Spielmann & Co. leased an annex to their business establishment, the silk manufacturers con-

signed their manufactured product to them, and the goods were placed in the annex and Napier and his partner, Keller, the other plaintiff in this action, installed themselves and their force of clerks in such annex and began sale of the goods. The contract was carried out by the respective parties for more than four years and passed beyond the 1st of August, 1904, without notice of termination. On the 19th day of October of that year defendant Spielmann & Co., assisted by defendants the Westerhoffs, who were one of the silk manufacturers whose product was being sold, in the temporary absence of Napier and his partner, but while their office force was in occupancy, entered the annex and ordered the office force to vacate with their belongings, and refused to permit the plaintiffs to re-enter. Thereupon the plaintiffs brought this action to recover treble damages for forcible entry and detainer.

On the trial the plaintiffs conceded that they had only such possession of the annex as the contract gave them, but their contention is that this possession was one of rights, exercised by actual occupancy, and therefore Spielmann & Co. could not forcibly oust them, or forcibly prevent them from re-entering. The court granted the defendants' motion for a nonsuit on the sole ground that the plaintiffs did not have such legal possession of the premises as permitted them to maintain an action for forcible entry and detainer. We think the motion was properly granted. If the plaintiffs were occupying as servants or occupying as licensees of Spielmann & Co., their possession of the premises was the possession of Spielmann & Co., who had the right to eject them on their refusal to vacate. An action for forcible entry and detainer will not lie where the ousted occupier is a servant or mere licensee. Kerrains v. People, 60 N. Y. 221, 19 Am. Rep. 158; People v. Fields, 1 Lans. 222; Haywood v. Miller, 3 Hill, 90. In such a case the possession is not changed, for it remains in the master or licensor. Presby v. Benjamin, 169 N. Y. 377, 62 N.E. 430, 57 L. R. A. 317.

The appellants concede the application of this rule to ordinary servants and to casual intruders, but insist that their occupancy was neither that of a servant nor licensee, but was a legal possession for the purpose of carrying on the business provided for by the contract. Treating the right of possession of the copartnership of Napier & Keller as that of Napier himself, with whom the contract was actually made, in our interpretation of the contract, the plaintiffs were mere servants of Spielmann & Co. in occupancy of the latter's lands by permission only. Spielmann & Co. leased the building, and the plaintiffs for a compensation paid to them by defendants sold goods, over which they had no control, and which were under the absolute domination of their employers. The contract provided for many things aside from the one that Napier should sell certain goods for stipulated pay, but the fact that his employment was of a high grade and required ability and depended upon his skill for the amount of his compensation does not change the relation which he bore to his employer. It is true that some elements of the relation of master and servant may be lacking, but, as between the parties so far as the occupancy of the premises was concerned, we think under the terms of the contract

the possession was that of Spielmann & Co., and that Napier had the right of occupancy only as a servant or licensee.

It does not change the situation that the firm of Napier & Keller were the occupants. They occupied under the contract, and only in such manner as Napier alone might possess. Confessedly they were not occupying as formal tenants, nor were they in actual occupancy under any other claim of right than that given to them by the contract itself. Their possession was qualified by the terms of the contract. If Spielmann & Co. violated the contract, the plaintiffs or Napier alone have their remedy, but their possession was not such as entitled them to remain upon the premises after permission was withdrawn, and they, therefore, could not maintain an action for forcible entry and detainer.

The motion for a nonsuit was properly granted, and the judgment should be affirmed, with costs.

CLARKE and SCOTT, JJ., concur.

McLAUGHLIN, J. (dissenting). The plaintiffs were not occupying the store as servants or as licensees of Spielmann & Co.; on the contrary, they were in actual physical possession under a contract with Spielmann & Co., and had just as much right to such possession as though a formal lease had been made for a specified term. Being rightfully in possession under the contract, the defendants could not take the law into their own hands, and by the exercise of physical force regain possession. It is of no importance, so far as the question here presented is concerned, what the parties' legal rights were under the contract. The statute provides that, if a person is put out of the possession of real property in a forcible manner, he is entitled to recover treble damages in an action against the wrongdoer. Code Civ. Proc. § 1669. The purpose of this statute is to protect the actual possession, whether right or wrong, and prevent parties resorting to physical force to obtain possession instead of obtaining it in a legal way; that is, the method provided by law. Iron Mountain & Helena R. v. Johnson, 119 U. S. 608, 7 Sup. Ct. 339, 30 L. Ed. 504. In an action of this character, it is unnecessary for the plaintiff to prove his title or right to possession. Waterbury v. Deckelmann, 50 App. Div. 434, 64 N. Y. Supp. 60. All that he has to prove to maintain the action is that he was in peaceable possession, and was forcibly ejected. Compton v. The Chelsea, 139 N. Y. 538, 34 N. E. 1090. This is the only question which is involved, and a judgment in favor of the plaintiff is not a bar to an action in ejectment. Riverside Co. v. Townsend, 120 Ill. 9, 9 N. E. 65.

For these reasons, I am unable to concur in the decision about to be made by a majority of the court affirming the judgment. I am of the opinion that the court erred in dismissing the complaint, and for that reason the judgment should be reversed and a new trial ordered, with costs to appellants to abide event.

INGRAHAM, J., concurs.