## DALLAS v. PITCHFORD.

### No. 854.   Opinion Filed May 9, 1911.

#### (115 Pac. 1110.)

COURTS—District Courts—Jurisdiction.   An action for $123.38 was begun in the district court in January, 1909, and judgment was rendered therein in February, 1909.   Thereafter counsel for defendant moved the court to set aside the judgment and dismiss the action, for the reason that the court did not have jurisdiction thereof, which was sustained.   **Held** error.

(Syllabus by the Court.)

*Error from District Court, Carter County; S. H. Russell, Judge.*

Action by R. T. Dallas against R. W. Pitchford.   Judgment for defendant, and plaintiff brings error.   Reversed.

*Guy H. Sigler,* for plaintiff in error.

DUNN, J.   This case presents error from the district court of Carter county, having been brought therein on the 4th day of January, 1909, by the plaintiff in error against the defendant in error, to recover the sum of $123.38, balance due upon two promissory notes.   After judgment, which was taken in February, 1909, counsel for defendant moved to vacate and set the same

aside and dismiss the case for want of jurisdiction, which motion was on the 16th day of March, 1909, sustained by the court, the judgment vacated and set aside, and the case dismissed. To review this action this cause has been lodged in this court. Counsel for defendant, in whose favor the judgment herein was rendered, has not favored us with a brief disclosing the grounds upon which he bases his right to the same, but it is stated by counsel for plaintiff in error that the motion to dismiss was sustained on the theory that the district court lacked jurisdiction in cases wherein the amount involved was less than $200. The jurisdiction of a district court so far as this question is concerned is found in section 10 of article 7 of the Constitution, and reads as follows:

"The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court. * * *"

It will thus be seen that the district court had jurisdiction of this action unless exclusive jurisdiction was by the Constitution or by law conferred upon some other court. We know of no provision of the Constitution nor of any law conferring exclusive jurisdiction on any other court in cases where judgment is sought for a sum such as the one involved in this action. Our attention is called by counsel for plaintiff in error to an act of the Legislature, approved June 4, 1908, p. 284 (Sess. Laws Okla. 1907-1908 [section 1978, Compiled Laws Okla. 1909] § 21), which reads as follows:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters, shall have concurrent jurisdiction with the district court in civil cases in any amount over five hundred dollars and not exceeding one thousand dollars, exclusive of interest, and exclusive original jurisdiction in all sums in excess of two hundred dollars and not exceeding five hundred dollars."

It is to be noted, however, that the Constitution provides that the district court shall have original jurisdiction except where *exclusive* jurisdiction is conferred upon some other court, and the act from which we have quoted does not pretend to confer ex-

clusive jurisdiction upon any other court in amounts less than $200.

It therefore follows that the judgment of the trial court must be reversed.

All the Justices concur.