HENRY GULISH, Respondent, Appellant, v. FRANK CLIFFE JOHNSTON, Appellant, Respondent.— Upon the plaintiff's appeal, the order setting aside the verdict of the jury and granting a new trial is unanimously affirmed, without costs. Upon the evidence in the record before us the question whether the occupancy of the premises was that of a tenant or of a hired servant was properly left to the jury. (*Kerrains* v. *People*, 60 N. Y. 221; *Ofschlager* v. *Surbeck*, 22 Misc. Rep. 595, Onondaga Trial Term, February, 1898, Hiscock, J.) While we disagree with the conclusion of the learned trial justice stated in his opinion as to the relationship of the parties, the verdict was set aside as contrary to the evidence and

40

we hesitate to interfere with the order of a trial justice made upon that ground. Upon defendant's appeal, the order denying motion to dismiss the complaint is affirmed, without costs.   As there is to be a new trial, we may also state our opinion that under the answer setting up a general denial to the complaint of forcible entry, the defendant could not prove the alleged relation between himself and the plaintiff.   The statute* against forcible entry has reference to the physical facts.   If a man is in peaceable possession, the Legislature prohibits resort to force to get him out.   The plaintiff is not obliged to prove his right to possession, but only that he was peaceably in possession and had been forcibly ejected.   (*Compton* v. *The Chelsea,* 139 N. Y. 538, 542; *Waterbury* v. *Deckelmann,* 50 App. Div. 434.)   So on his answer of a general denial without amendment, defendant was not entitled to prove these matters concerning the alleged relation of master and servant.   Present — Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ.

---

* See Code Civ. Proc. § 1669; now Real Prop. Law, § 535, as added by Laws of 1920, chap. 930.— [REP.