## AUSTIN *v.* HUIE.

Opinion delivered March 24, 1930.

*M. Rountree*, for appellant.
*R. W. Huie, Jr.*, for appellee.

MEHAFFY, J. This is an action in ejectment begun by appellee for the recovery of the possession of certain lands described in the complaint. Appellee had recovered judgment against the appellant for four hundred and twenty-five dollars ($425), execution was issued, the land described was sold by the sheriff, and appellee became the purchaser. The sheriff's sale was June 28, 1928. The sheriff executed a deed to appellee on July 3, 1929, more than a year after the sale. The suit was begun on July 3, 1929, the day the sheriff's deed was executed. Appellant filed a general demurrer which was overruled, and appellant filed motion to dismiss on the ground that the complaint showed on its face that it was filed on the same day of the sheriff's deed, and that the action could not be maintained until the expiration of ten days after the execution of the deed. This motion was overruled, and appellant excepted. Appellant then, without waiving his demurrer, filed answer denying the allegations of the complaint, and alleging that he was a married man, and that the land in controversy was his homestead, and that he and his family had occupied it as a homestead for the past twenty years. He also alleged that the action was prematurely brought. Appellant requested the court to direct a verdict in his favor, which the court refused. There was a verdict and judgment for appellee, and this appeal is prosecuted to reverse said judgment. Appellant concedes that the court properly instructed the jury on the question of homestead, and that the verdict on this question is conclusive. Appellant contends, however, that his demurrer should have been sustained because the statute gives the purchaser his remedy. The following section is cited and relied upon: "Upon the execution of the deed, the grantee, if possession is not delivered within ten days, may proceed, by forcible detainer, to be put in possession thereof." C. & M. Digest, § 4340.

Appellant also cites and relies on the following section: "Upon the execution by a sheriff of a deed to real

estate sold under execution, the grantee, if possession is not delivered in ten days, may proceed, by forcible detainer, to be put in possession thereof.'' Section 4841, C. & M. Digest.

While appellant discusses the demurrer, the motion to dismiss and the court's refusal to direct a verdict separately, he relies on the above quoted section of the digest to sustain his contention as to each. Appellant would be correct if the remedy suggested by him was made exclusive by the statute. But it is not exclusive, but cumulative. As to suits in ejectment the statute provides: ''Such action may be maintained in all cases where the plaintiff is legally entitled to the possession of the premises.'' Section 3686, C. & M. Digest.

''The fact that a summary remedy is given by statute will not prevent the bringing of a suit in ejectment, where there is nothing in the statute from which it may be inferred that the statutory remedy was intended to be exclusive. Thus ejectment lies where the remedy by forcible entry and detainer is not exclusive, but merely cumulative; but it is otherwise where such remedy is made exclusive.'' 19 C. J., p. 1032.

''The contention is urged, that plaintiff had mistaken his remedy in bringing ejectment in this suit, and in not proceeding under § 1020 of the Code of Civil Procedure, by action of forcible entry and detainer. It can hardly be possible, that this contention is seriously relied upon, as it has long been held that, where the holder of the legal title to real estate is dispossessed, his proper remedy is by ejectment. *Gregory* v. *Bank,* 16 Neb. 411, 20 N. W. 286. While § 1020 of the Code would have permitted plaintiff in this case to proceed by forcible entry and detainer, yet such provision is plainly cumulative, and not an exclusive remedy.'' *Abbott* v. *Coates,* 52 Neb. 247, 86 N. W. 1058.

''It is true that by §§ 2233-2236, a summary remedy is given, where the unlawful entry and detention is the result of physical force, by a proceeding in a district

court, but the plaintiff is not restricted to such a course, any more than in a case where a tenant in possession refuses to surrender upon the expiration of his tenancy. He may, if he so elects, resort to his action of ejectment, and in the same suit recover his damages, which may be trebled if the wrongful entry and withholding are shown to be of the character described in § 1669.'' *Compton* v. *The Chelsea,* 139 N. Y. 538, 34 N. E. 1090.

Sections 4340 and 4841 of Crawford & Moses' Digest do not provide an exclusive remedy. Plaintiff could have pursued the remedy therein provided, but he was not required to do so. He had the right to bring his suit in ejectment, as the other remedies are not exclusive but cumulative.

The judgment of the circuit court is affirmed.