PAULINE KERNER, Appellant, v. HERMAN EPSTEIN et al., Respondents.

(Argued December 5, 1935; decided January 8, 1936.)

*Nathan Wald* for appellant. The plaintiff did not have to prove record ownership of the fee in order to recover damages from a trespasser. Hence it is not material to the issues as to whether or not the plaintiff's rights in the premises included record ownership of the fee. (*Compton* v. *The Chelsea*, 139 N. Y. 538; *Gulish* v. *Johnston*, 206 App. Div. 625.) The court order, substituting abbreviated findings, after entry of judgment, is of no force or effect. (*Herpe* v. *Herpe*, 225 N. Y. 323; *Israel* v. *Manhattan Ry. Co.*, 158 N. Y. 624; *Whalen* v. *Stuart*, 194 N. Y. 495; *Shaw's Jewelry Shop* v. *New York Herald Co.*, 170 App. Div. 504; 224 N. Y. 731.)

*Robert Cooper* for respondents. The order resettling the findings merely removes the inadvertent inconsistencies not supported by evidence. (*Stokes* v. *Stokes*, 198 N. Y. 301.) Appellant is not entitled to damages for the time she was not the owner. (Civ. Prac. Act, § 1007.)

HUBBS, J. On February 19, 1933, the appellant, being then the record owner of premises consisting of a store, second floor apartment and basement, leased to respondent Herman Epstein the store and space for a stock room to

be built by him in the basement. Access to the basement could be gained from the street and also from a hallway leading to the street. Appellant had a heating apparatus and storage bins in the basement. The respondents entered into possession, built a storage room, removed the lock from the outer door and substituted another, refusing to give appellant a key. Respondents stored merchandise in the basement both within and outside of their storage room. This action was instituted on April 25, 1934, to recover treble damages under section 535 of the Real Property Law (Cons. Laws, ch. 50) for forcible detainer of the portion of the cellar not leased from March 1, 1933, to commencement of the action and for an injunction.

The trial court granted the injunction and treble damages of thirty dollars based upon a finding of five dollars per month rental value for the period from March 10, 1933, to May 10, 1933, the period during which appellant's ownership was found to have been interfered with. Appellant appealed from the judgment in so far as it limited the damages to thirty dollars, and the Appellate Division affirmed, one justice dissenting.

The question presented on this appeal is whether the appellant was required, in the absence of admissions or stipulations on the part of the respondents, to establish continued ownership of the premises.

When the lease was made, appellant was the record owner of the premises and with her son occupied the apartment. The son and a daughter managed the property. About May 16, 1933, she deeded the property to the daughter who held the record title for about a year, after which it was deeded back. The reason for the transfer was stated by appellant's attorney, husband of the daughter, in answer to a question by the court: "When did Pauline Kerner cease to own the property? Mr. Wald: She still owns it. Her husband was sick and she was nervous and she didn't want to bother with the

property, and she transferred it in her daughter's name a short time and now it is back again in her name."

That she continued in possession and control of the premises is not disputed by the testimony adduced at the trial and is clearly indicated in testimony of the son. Absence of more definite proof as to appellant's right to possession is explained by admissions of ownership contained in the answer and by stipulation at the trial. The statute against forcible entry or detainer of real property (Real Prop. Law, § 535) does not specify ownership as a condition upon which the right to recovery must depend. The court below was in error in limiting the recovery to that period during which appellant retained the legal title. All that she was required to prove was that during the period she was in peaceful possession. (*Gulish* v. *Johnston*, 206 App. Div. 625; *Isaacs* v. *Washougal Clothing Co.*, 233 App. Div. 568; *Compton* v. " *The Chelsea*," 139 N. Y. 538.)

That the court in awarding damages proceeded upon the theory that ownership was necessary is indicated by the comment of the court: " This woman ceased to be the owner since the middle of May, 1933, and there cannot be any recovery for what took place during the time she was not the owner."

While there is a denial in the answer of right to possession by appellant of the basement, it is coupled with an admission of her ownership of the premises. The evidence, while establishing that she parted with legal title for a time, shows both title and possession at the commencement of the period and clearly indicates continued possession and control, with no attempt on the part of respondents to establish otherwise. It appears to be undisputedly established that she was in possession during the whole period, and an allowance of damages for the entire period should have been awarded.

No consideration need be given the question of the power of the trial court to amend the findings, as the

Appellate Division could make new findings or adopt those made below as amended. As no question of fact was involved below and the error upon which we reverse is an error of law in applying an improper measure of damages, we have power to make a final judgment correcting the error and are not required to order a new trial.

The judgments should be modified by allowing the appellant $330, and as so modified affirmed, with costs to the appellant in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.