## PETROS v. BOSEN.

No. 28655.     June 6, 1939.

Rehearing Denied June 27, 1939.

Milsten & Milsten, for plaintiff in error.

J. S. Severson, for defendant in error.

WELCH, V. C. J. This is an action filed by plaintiff in the district court for the cancellation of a lease, to quiet title, and for possession of certain real estate. Defendant urges the trial court erred in overruling his motion to dismiss, contending that this was in its nature an action in unlawful detention, and that the justice of the peace court has exclusive original jurisdiction.

The question presented to this court is whether the district court has original jurisdiction of the subject matter. It appears from the record that there is an adverse interest in the real estate to such extent as to justify plaintiff in asking cancellation of lease in order to remove the cloud said lease would reflect upon the title. The

action for possession may be properly joined. Section 591, O. S. 1931, 12 Okla. St. Ann. sec. 1141, provides that an action may be brought for the purpose of determining an adverse estate or interest in real estate and joined with an action to recover possession of such real estate, by any person not in possession. Exchange Trust Co. v. Godfrey, 128 Okla. 108, 261 P. 197.

"* * * Thus ejectment lies where the remedy by forcible entry and detainer is not exclusive, but is merely cumulative. * * *" 19 C. J. 1033, sec. 6.

In Abbott v. Coates, 62 Neb. 247, 86 N. W. 1058, the court said:

"While section 1020 of the Code would have permitted plaintiff in this case to proceed by forcible entry and detainer, yet such provision is plainly a cumulative and not an exclusive remedy."

In Compton v. The Chelsea, 139 N. Y. 538, 34 N. E. 1090, the court said in part as follows:

"It is true * * * a summary remedy is given, where the unlawful entry and detention is the result of physical force, by a proceeding in a district court, but the plaintiff is not restricted to such course any more than in a case where a tenant in possession refuses to surrender upon the expiration of his tenancy. He may if he so elects, resort to his action in ejectment. * * *"

The defendant in his brief refers to section 863, O. S. 1931. This section reads in part as follows:

"Under the limitations and restrictions, herein provided, justices of the peace shall have original jurisdiction of civil actions for the recovery of money only, and to try and determine the same where the amount claimed does not exceed two hundred dollars. Second, to try the action for the forcible entry and detention or detention only, of real property. * * *"

Defendant contends that an action here would lie before the justice of the peace and that the district court was without jurisdiction.

The question of jurisdiction was raised in the case of Dallas v. Pitchford, 29 Okla. 10, 115 P. 1110, and in Stanford Furniture Co. v. Pitchford, 29 Okla. 12, 115 P. 1110. These cases were both filed in the district court for the recovery of money in a sum less than $200. The question of jurisdiction was raised in the same manner as presented here, and this court held that the district court had jurisdiction of the subject matter.

Section 10, art. 7 of the Constitution provides:

"The district court shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court, and such appellate jurisdiction as may be provided in this Constitution, or by law. * * *"

The phrase "original jurisdiction" means the power to entertain cases in the first instance as distinguished from appellate jurisdiction. Castner v. Chandler, 2 Minn. 86. The above phrase did not mean exclusive jurisdiction. Burks v. Walker, 25 Okla. 353, 109 P. 544.

Section 863, O. S. 1931, 39 Okla. St. Ann. sec. 82, granted a remedy by forcible entry and detainer. This remedy, in the judgment of the court, is not exclusive, but is merely cumulative. It does not confer exclusive jurisdiction either by our Constitution or by law on any other court; therefore, the district court would still have jurisdiction under section 10, art. 7, of the Constitution.

The rule applied to such legislation is that the grant of jurisdiction over a certain subject matter to one court does not of itself imply that such jurisdiction is to be exclusive. Bors v. Preston, 111 U. S. 252.

The judgment is affirmed.

BAYLESS, C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.