## (SUPREME COURT.)

### Jackson *ex dem.* Jane Van Alen, *against* Rogers.

A parol gift of lands creates only a tenancy at will. If the donee lease, and the donor do not ratify his act, the mere permitting the lessee to build and enjoy under the term, will not prevent the donor from legally devising the land, and his devisee may recover without notice to quit.

THIS was an action of ejectment for a store and lot at *Kinderhook,* on a demise laid 1st *June,* 1795. The application was to set aside a verdict for the plaintiff, and grant a new trial.—The facts of the case were these.

*Lawrens J. Van Alen* was in possession of the premises for a period of more than 30 years before the bringing of the present suit. *John C. Holland* married his daughter, and was a drunken dissipated character, frequently requesting *Lawrens* for a deed of the premises, and was as often refused ; at last, he, *Lawrens,* said to him, and but once, " well *John,*

you may take the kraal (meaning the premises) and
I will deduct 60*l.* from your wife's portion;" no writ-
ings were signed, and these expressions were before
building the store in question.

*Holland* afterwards leased the premises to *McMe-
chen* for 9 years, and *McMechen,* in consideration,
was to build a store on them; he did so, and at the
time he began to build, *Lawrens* had grain on the
premises. *Lawrens* was at first dissatisfied when he
heard *Holland* had made the lease, but afterwards
was *satisfied,* saying it would benefit *Holland's* chil-
dren. The lease was made in the year 1785. In *Au-
gust,* 1794, *Holland* (the first lease being out) made a
second lease to *McMechen* (the partner of the defen-
dant) for 5 years, at the annual rent of 30*l. Lawrens*
heard of the second lease from strangers, and was
*dissatisfied* with it, particularly when he found the rent
was not to benefit *Holland's* children. He frequently
talked of taking the property into his own hands, and
afterwards devised *the lands* to the lessor of the
plaintiff for life, by will dated 19th *June,* 1790.
*Lawrens* died in *May,* 1795; the action was brought
without any notice to quit.

The question on these facts submitted to the court
was, ought the lessor of the plaintiff to recover?

*Per Curiam, delivered,* by KENT, J. In the ar-
gument for a new trial in this cause on behalf of the
defendant, it was contended that the lessor of the
plaintiff ought not to recover:

1st. Because the lease from *Holland* to *McMechen*
amounted to a disseisin of *Lawrens J. Van Alen,* and
destroyed his capacity to devise.

2d. That the second lease from *Holland* to *McMe-
chen,* was still subsisting at the commencement of the
suit, and was a lawful impediment to the plaintiff's
recovery.

ALBANY.

Jackson
v.
Rogers.

*1 Burr.* 79. 1
*Salk.* 246.

*1 Burr.* 110.
*Sanders on Uses,*
240.

*Sanders on
Uses,* 240, 241,
242. *Butler's
Co Lit.*330 b. n.
285. *Harg. Co.
Lit.* 57 a. n.
379.

*Palm.* 205. *Cro.
J.* 659. 1 *Burr.*
112. 113. *Cowp.*
693.

*1 Burr.* 111.

*1 Burr.* 60.

3d. That the defendant was at all events to be deemed a tenant from year to year, and so entitled to six months *notice* to quit.

1st. To constitute an actual disseisin, or one *in fact,* there must be a tortious entry and an actual expulsion. No such thing appears, or was pretended in the present case, nor was there a disseisin admitted by *election.* The distinction of a disseisin by election, as contra-distinguished from disseisin in fact, was taken for the *benefit of the owner* of the lands, to extend to him the easy and desirable remedy of assize, instead of the more tedious remedy of a writ of entry. Whenever an act is done, which immediately, and of itself, creates an *actual disseisin,* it is still taken to be an actual disseisin, notwithstanding the introduction of the doctrines of disseisin by election; as, if a tenant for years, or at will, should enfeoff in fee ; and on the other hand, those acts which are susceptible of being made *disseisins by election,* are in fact no disseisins till the election *makes them so ;* as if a tenant at will, instead of making a feoffment in fee, should only make a lease for years.

No such election was ever made in the present case, and consequently there was no disseisin. Making a devise has been deemed, in a similar case, an intimation of an election, not to be disseised ; and if *Holland* was tenant at will (and no greater interest can be inferred in him, because no greater interest can be created *by parol)* a lease for years by him can be no disseisin, unless the true owner elect to make it so, nor does it destroy his capacity to devise.

These are briefly the settled distinctions between disseisins in fact, and disseisin by election. They were generally hinted at or brought into view, com-

mented upon and explained in the case of *Atkins and Horde*, one of the most learned and elaborate judicial discussions on a question of real property to be met with in modern times, and they are likewise historically and ingeniously illustrated by *J. W. Butler*, in one of the notes to his edition of *Coke upon Littleton*.

I shall therefore pass the whole of this doctrine *by*, as having no influence on the present case, nor should I have noticed it at all, had not the counsel for the defendant, appeared to rely much upon it, and to consider it as strong ground in the cause.

2d. In respect to the existence and force of the second lease from *Holland* to *McMechen*. I would observe, that notwithstanding the gift of the premises to *Holland* by *Lawrens*, he had never any greater interest in them than an estate *at will*, because *Lawrens*, to whom the premises belonged, never alienated them to him by deed *or writing*, nor made any parol demise of the same for a *term* not exceeding *three* years, and reserving a *rent* thereon. *Holland* was, consequently, by the force and effect of the statute of frauds, but a tenant *at will*, when he made the first lease to *McMechen ;* and when he made the second lease, he was still but a tenant at will, and so had no *authority* to make either lease, because such authority resides, not in a tenant at will; nor can a parol gift of land in fee operate as an *authority* to make leases, because the statute of frauds declares expressly what shall be the operation of such parol grant ; it shall " have the force and effect of leases or estates at will only, and shall not have any other, or greater force or effect." I therefore do not regard any intimation that may be given by the circumstances of the *subse-*

quent assent, either tacit or express, of *Lawrens*, to either the first or second lease; because it is a settled doctrine that no *subsequent assent* will make good a *void* lease, although subsequent acts may operate as a new grant.    Both the leases to *McMechen* were, therefore, from the beginning, null and *void*, because made by a tenant *at will* who has no capacity *to grant*.

3d.  The third point is, whether the defendant was entitled to *notice* to quit.

Where the holding is not for a determinate period but from the reservation of an annual rent, or from other circumstances, is susceptible of being construed into a holding from *year to year;* in such cases the courts have adopted as a rule favorable to the interests of both *landlord and tenant*, that neither party shall determine the lease without six months previous notice to the other, of that intention; but where the lease is for a definite period, or determinable on a certain event, no notice is requisite, as both parties are apprised of the termination.  So if the tenant be *strictly* a *mere tenant at will*, as where one enters under a *void* lease; there, I apprehend, no notice is necessary. The *N. P.* decision in the case of *Goodtitle* ex dem. *Adeare*, v. *Prentice*, before *Gould*, J. in 1790, is expressly to this point.

In the present instance the defendant, the partner of *McMechen*, entered under a *void* lease, and became a *mere trespasser*, if *Lawrens* chose to make him so, and so continued to the bringing of the suit; no subsequent *agreement* was made, no actual *rent was stipulated* for between him and *Lawrens*, none was demanded or paid.  *Lawrens* did nothing to recognise

him as *his tenant*, and to create between him the re-
lation of *landlord and tenant*, and consequently no
notice was necessary.

I am accordingly of opinion that the defendant take
nothing by his motion.

Judgment for the plaintiff.