JOSEPH CHILSON AND HANNAH ELDRIDGE, ADMINISTRATRIX OF THE ESTATE OF ASA ELDRIDGE, *v.* ISAAC BUTTOLPH.

ADDISON,
January,
1840.

Chilson *et al.*
*v.*
Buttolph

If a person, under a claim of title, commits acts of trespass upon land, the owner may consider him as a disseisor and maintain an action of ejectment against him.

When a person is found in actual possession of land, claiming it as his own, in March, he is to be considered as in possession in May following, when an action is commenced against him, unless he shows distinctly that the possession is abandoned.

EJECTMENT, for a parcel of land in New Haven. The writ in this case, was served on the thirty first of May, 1838. Plea, not guilty and trial by jury.

Upon the trial in the county court, the plaintiffs gave in evidence a survey bill of the land in question, to one John Lewis, dated May 8, 1801, and recorded the next day ; also, evidence tending to prove, that, in 1812, Joseph Chilson and his brother Asa Chilson took possession of the land in question, as tenants in common ; that this possession was continued by the said Joseph and Asa, and persons claiming under them, down to 1826 or 1827, they claiming title thereto, when Asa Eldridge became possessed, by contract, of one half of the land, as tenant in common with Joseph Chilson, and that they continued so possessed down to the death of Asa Eldridge, in September, 1835, claiming title, and that after the death of Asa Eldrige, the administratrix caused the intestate's interest in the land to be inventoried as the estate of her intestate, and that, in 1837, wood or timber was cut on the premises, under the administratrix of Asa Eldridge.

For the purpose of proving an eviction, by the defendant and possession in him, at the time of the commencement of this suit, the plaintiffs proved, that in December, 1835, the defendant caused one Day, and his brother, to cut and carry away from the premises about 72 pine logs, worth about thirty cents, each, standing, and that they were on the lot two or three days, only, for this purpose, the defendant then claiming title to the land. It was also given in evidence that, in July, 1837, Henry F. Day cut an eave trough on the premises, by the directions of the defendant and for his use, also, that in March, 1838, one Samuel Mix, cut, under the defendant, who then claimed title to the land, timber for a

Addison,
January,
1840.

Chilson et al.
v.
Buttolph.

small barn and a string piece, and was on the premises two or three days for that purpose.

The plaintiffs also gave in evidence a deed from John Lewis to the defendant of the land in question, dated the twenty-third day of February, 1837.

On this evidence the court decided, that, admitting the plaintiffs had made out a good title, still, they could not recover upon this evidence, in an action of ejectment, and a verdict was taken, under the instructions of the court, for the defendant. The plaintiff excepted.

*H. Needham* and *J. Bradley*, argued for plaintiffs, and cited. 1 Chit. Pl. 192. 7 Cranch, 456. 2 Stark. Ev. 310, note *a*. 4 Mass. R. 416. 10 do. 468. 4 Vt. R. 159. Tillinghast's Adams on Eject. 56, note 1. 2 Aik. R. 155.

*C. Linsley*, argued for defendant, and cited. 1 Vt. R. 244. 1 Salkeld, 246. 7 East, 312, in note. 9 Serg. & Rawle, 26. 1 Marsh. 122. Adams on Eject. 247, note. 4 Vt. R. 418. 3 do. 452. Adams on Eject. 55. 10 Mass. R. 151.

The opinion of the court was delivered by

Williams, Ch. J.—It is to be considered that the plaintiffs established a good title to the premises described in his declaration, and the question is, whether he showed an eviction by the defendant, as it was upon this point the cause turned in the county court. Acts of trespass, by one claiming title, may be considered as acts of possession. This was considered in the case of *Doolittle*. v. *Linsley*, 2 Aik. R. 155, and in the case of of *Sawyer* v. *Newland*, 9 Vt. R. 383. The acts proved in this case to have been done in 1835, 1837 and 1838, by the defendant, claiming title at the same time to the premises, were unequivocal evidence of possession, and an ouster or eviction of the plaintiff. The last act proved, was in March, and this suit was commenced in May following, and if the proof was sufficient to show the defendant in possession up to March, previous to the commencement of the suit, the defendant would be considered in possession at the commencement of the suit, unless the possession was abandoned. Indeed, it is rarely the case, except as to buildings, that a person is found on his land at all seasons of the year. We think the evidence of possession was sufficient

to go to the jury, to establish the possession of the defendant and the eviction of the plaintiffs, and if their title was undoubted, they should have had a verdict. The judgment of the county court is reversed.