## PATTON v. BOND.

1. **Contract: LEASE: CONSTRUCTION OF.** A contract for the lease of a farm provided that a failure to perform a certain condition before a time specified should work a forfeiture: *Held* that, the parties having voluntarily entered into the contract, the fact that the condition was a harsh one would not prevent a forfeiture upon non-performance.

2. ——: ——: **AGENCY.** The lessee claiming that he was released from liability for failure to comply with the condition, by one whom he alleged to be the agent of the lessor, whose authority was denied by the latter, the question of agency should have been left to the jury.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, APRIL 10.

ACTION at law. Verdict and judgment for plaintiff. Defendant appeals. The facts of the case involved in the questions decided are found in the opinion.

*Sapp, Lyman & Ament,* for appellant.

*G. A. Holmes,* for appellee.

BECK, CH. J.—I. The petition, as a cause of action, alleges that plaintiff leased of defendant a farm for one year, ending March 1, 1878, the rent payable in a part of the crops raised on the land, and that about the 1st of August, 1877, before the expiration of the lease, the defendant, without the consent of plaintiff, entered upon and took possession of the farm, converting to his own use the crops upon the land, the dwelling-house, etc.

The answer of defendant denies generally the allegations of the petition, and, as a special defense, sets up that defendant demised the premises to plaintiff for one year, ending March 1, 1878, by a written lease, which stipulated as follows:

"The said A. B. Patton is to have the use and occupancy of the same (the farm) for twelve months from date, on these

express conditions only: That he is to cultivate the ground well, is to plow not less than six inches deep in breaking for corn, and is not to let any amount of weeds go to seed on said premises, or any part of them; is to take good care of the dwelling-house and premises, and commit no waste or damage in any manner; is to take good care of the orchard, and not to skin or bruise the trees in plowing or working; is to clear up and haul out on to the field the manure of the premises occupied by the stable lot, and is to deliver to said N. J. Bond or his assigns, in Council Bluffs, two-fifths of all the oats raised, and one-third of all the corn raised on the premises, and is to deliver on the premises, stacked and inclosed, one-half of the Hungarian grass. Said Bond to furnish the oats and the Hungarian grass seed for seeding. And it is expressly understood that said Patton is not to gather or haul off any portion of the crop unless in the presence or by the consent of said Bond or his representatives, until the crop is divided and rent delivered, except sufficient for the use of said Patton's horses, cow and hogs, for his own use. It is further understood that no straw is to be sold or hauled off the premises, but the said Patton is to have what he wants for his own use, for team and cow or cows, and that the straw is to be inclosed. It is further agreed that the said Patton may use the down timber for cooking purposes or for one stove. The non-compliance with the above terms, or any part of them, shall work a forfeiture by the said Patton to the said premises or any part of them. And it is further agreed that the said Patton is to plow the stubble at least six inches deep, and not later than the 20th day of August. By stubble is meant the oat stubble, and a failure to do so shall work a forfeiture."

The answer alleges performance of the contract by defendant, and breaches of the conditions of the lease by plaintiff in the following language:

"Defendant says he has faithfully performed each and every of the covenants and obligations in said lease contained; but

he says said plaintiff has utterly failed to do so on his part, but committed breaches thereof in the following particulars, viz :  *   *   *   He allowed large quantities of weeds to go to seed on said premises; he failed to take good care of the dwelling-house and premises, but committed waste thereon and abandoned the same; he failed to clear up and haul out on to the field the manure of the premises occupied by the stable lot; he failed to deliver to the defendant or his assigns, in Council Bluffs, two-fifths of all the oats raised, one-third of all the corn raised on the premises, one-half of the Hungarian grass stacked and inclosed on the premises, or any other part thereof; he failed to inclose the straw, and he failed to plow the stubble, or in any manner or degree to fulfil the obligations and covenants of said lease on his part, whereby he forfeited all right under the same, in and to the subject-matter thereof. And it was only after such forfeiture and abandonment that said defendant took possession of said premises to save what he could and to prevent further waste, decay and damage."

The defendant sets up a counter-claim for damages sustained by him on account of the breach of the conditions of the lease by plaintiff. This part of the pleading need not be set out. The plaintiff in his reply admits the execution of the lease, and denies all other allegations of the answer. He further alleges that by parol agreement between the parties the orchard was excepted from the operation of the lease, and that when the instrument was executed defendant represented falsely that the farm was clean, fertile, and free from weeds, when in fact it was "unfertile, and foul with weeds," which was not discovered until plaintiff had plowed and planted the ground. Upon the issues raised by their pleadings the cause was tried, and a verdict rendered for plaintiff.

II. It will be observed that the lease provides that plaintiff shall plow the "oat stubble" at least six inches deep, not later than the 20th of August, and a failure to do so shall work a forfeiture of the lease. This condition of the contract

is in the plainest language, and a failure on the part of the plaintiff to perform, as it is expressed in explicit language, shall work a forfeiture of the lease. It is not for us to inquire into the purposes of the parties in introducing the condition, or to express the opinion that in this respect the contract is a harsh one. All we can say is: the parties voluntarily entered into the contract; they are bound by it, and must submit to the consequences provided for in case of its breach. But the court, in the second instruction given, enumerates the conditions of the lease to be performed by plaintiff; the condition requiring the plowing of the "oat stubble" is omitted. This was error. The jury were doubtless misled by the instruction into disregarding the evidence establishing the breach of this condition of the contract, as will presently appear. The breach of this covenant is set up in defendant's answer, and if established would authorize the jury to find that the defendant properly treated the lease as forfeited. They should have so been informed in the instruction.

III. The court directed the jury; in a subsequent instruction, that if, "at the time defendant took possession of the premises, the plaintiff had failed in any material and substantial part of the contract, which ought by that time to have been performed, * * * * this would have worked a forfeiture of the plaintiff's right to longer hold the premises, and defendant would have a right to take possession thereof." The evidence shows without dispute that when defendant took possession of the premises the "oat stubble" had not been broken. This was the last of August. Under the lease the plowing was to have been done not later than the 20th of August. The verdict is in conflict with the instruction, and is entirely without support of the testimony, which shows, without conflict, that when defendant took possession of the farm, about the last of August, plaintiff had failed to plow the "oat stubble," which should have been done before the 20th of August. The failure of plaintiff to perform this condition by express language of the lease wrought a forfeiture.

The motion of defendant to set aside the verdict upon this ground should have been sustained.

IV. The evidence shows that the oats were cut by one Gaylord, who was in the employment of defendant, and plaintiff 2. ——: ——: claims that he was released from all liability for failure to cut them by Gaylord, who was defendant's agent. The defendant asked the court to instruct the jury that defendant cannot be considered bound by the acts of Gaylord, unless "it be shown by a preponderance of proof that he had authority to do what he did." The instruction was refused. It ought to have been given, for the plainest reasons. Unless Gaylord was defendant's agent he would not be bound by Gaylord's acts. The question of his agency ought to have been submitted to and passed upon by the jury.

*2. ——: ——: agency.*

Other questions raised by counsel need not be discussed, as the judgment of the court below, for the errors pointed out, must be

REVERSED.