Goldfogle, J.
The lease contained a covenant requiring tjie tenant to fulfill the ordinances of the city corporation, applicable to the property; the orders and requirements of the Board of Health and|the Police Department, for the correction, prevention or abatement of nuisances or grievances in or upon said premises. It is nowhere provided that the tenant shall comply with or execute any order or requirement of the Fire or Building Departments.
It does not appear by the proofs before me that, before the acts of alteration were begun, the premises were in a condition requiring the interference of the Building Department, nor have any facts been established which would have justified that department in directing the making of repairs.
It is evident that the landlord’s agent in entering upon the premises did so because of some notice from the Building Department, but if he did it in consequence of some notice from the Plealth Department, the case still stands barren of proof that such latter department made a lawful order or was justified in directing such repairs. Bare of this proof and free from any covenant requiring the tenant to comply with any of the orders of the Building Department, and from any lawful requirement of the Health Board, the acts of the landlords done through their conceded agent, stand unjustified and constituted wrongful acts to the tenant’s possession.
If these acts were of trespass merely I should have no difficulty in disposing of this case. The case of Edgerton v. Paige (20 N. Y. 281) is authority for holding that where the amount of rent is fixed and the wrongful acts of the landlord are acts of mere trespass, *339 the defense of eviction is unavailable. This has always been the rule in this State, and unless there was some deliberate disturbance of the possession which deprived the tenant of the beneficial and substantial enjoyment of the demised premises, his obligation to pay rent continued, and he would be relegated to his remedy against the landlord for damages for the trespass. So far, then, I agree with the learned counsel for the landlord, and but" two questions remain to be determined.
First. Was there such a substantial deprivation of the tenant’s possession as amounted to an eviction? It appears that the rear part of the tenant’s store was torn up, some of the beams were taken out, the rubbish thrown in front of the store, the water pipes cut off from the upper floors, preventing the tenants from using the water, a rear building which formed part of the demised premises torn down and destroyed, the materials therefrom left in the yard, and the premises generally placed in a condition which compelled the tenant to cease his business and to meet with refusal on the part of the under-tenants to pay their rent. All this is not denied, and these acts, unless legally justified, amounted to an eviction.
Second. Did the tenant preclude himself from setting up the defense of eviction because of his failure to surrender the residue of the premises, the occupancy of which he retained ? Upon the argument before me I was rather inclined to the opinion that under the circumstances of the case the defense of eviction could not be set up, but a very careful examination of the question and a close review of the authorities cited, on the elaborate briefs submitted, lead me to the opposite conclusion.
In Christopher v. Austin (11 N. Y. 216) the learned Judge delivering the opinion of the court of appeals, stated the rule to be that if the landlord enter wrongfully upon, or prevent the tenant from the enjojunent *340 of a part of the demised premises, the whole rent is suspended until the possession is restored, and in approving the rule laid down in Dyett v. Pendleton (8 Cow. 731) that “ as to the part retained this is deemed such a disturbance, such an injury to its beneficial enjoyment, such a diminution of the consideration upon wrhich the contract is founded, that the law refuses its aid to coerce the payment of any rent.” The judge continued to'say : “ It would Be a palpable evasion of the rule, and of the penalty the law imposes upon a landlord for a wrongful eviction, to hold that he may recover for use and occupation on a quantum meruit when he is not permitted to recover on the agreement itself.”
The same judge said, and the opinion had the concurrence of the entire court: “ I suppose that it is thó right of the tenant, under such circumstances, to remain in possession of the residue during the term, and that he can be neither made liable on the original lease nor in an action for use and occupation, unless he holds over after the expiration of his term ” (Ibid. 220). And though in Engerton v. Page, the court said that while the tenant remains in possession of the entire premises demised, it did not vary the rule that where he was deprived of the possession of part of the premises, he was not bound to pay for the possession of the residue until possession of the whole was restored.
The cases of the Buffalo Stone and Cement Company v. Radsky (14 N. Y. S. R. 82), Carter v. Byron (49 Hun, 299), People v. Gedney (10 Hun, 151), and Johnson v. Oppenheim (43 How, Pr. 433) are all clear for holding the rule to be as laid down by the court of appeals in Christopher v. Austin.
The case of Dyett v. Pendleton (8 Cow. 731), laid down the principle that a tenant shall not be required to pay rent even for-.the part of the premises which he retains if he has been evicted from the other part by *341 the landlord, and I am cited to no case which holds a contrary doctrine. If a landlord, whose duty it is to ensure as against himself and those claiming under him a quiet and peaceable possession to his tenant, takes away a portion of the premises from his tenant, he mustmot complain when the tenant refuses to pay the rent until the possession of the entire premises is restored to him.
The acts of the landlord in this case having worked a suspension of the rent, he cannot maintain this proceeding because it would only be another mode of permitting the recovery of rent or the coercion of its payment, which the law will not permit. The proceedings, therefore, must be dismissed.