# PATRICK ROACH v. JOHN B. HEFFERNAN.

## RUTLAND COUNTY, 1893.

Before : TYLER, MUNSON, START AND THOMPSON, JJ.

*Disseisin in ejectment.   Mesne profits.*

1.  *Held*, that upon the facts found by the trial court as to the
    defendant's possession ejectment would lie.
2.  In an action for mesne profits the plaintiff is entitled to re-
    cover as damages the annual value of the land from the
    time of the accruing of his title.

Ejectment for a slate quarry.   Plea, the general issue.
Trial by court at the March term, 1892, Ross, CH. J., pre-
siding.   Judgment for the plaintiff.   The defendant ex-
cepts.

The following were the facts found by the court below
bearing upon the questions of possession and damages :

"The defendant and O. M. Temple leased from the
plaintiff and his wife certain premises with the right of quar-
rying slate therefrom, as shown by said lease, which was
put in evidence, dated April 18, 1883, and is made a part
hereof.   It was conceded that the defendant now owns all
the interest conveyed by said lease.   Soon after the making
of the lease the lessees took possession of the leased prem-
ises, opened a slate quarry thereon, and worked the same
until about four years ago, each party occupying according
to the lease.   Since that time no slate has been taken from
the quarry, and the defendant has not kept any men to work
there continuously.   He has had men go there occasionally
and put in a blast and blow out a small quantity of the rock.
About two years ago he entered and pumped out most of

the water from the pit.  When he quit working the quarry he took the pump out of the pit, but returned it or another for the purpose of pumping the water out two years ago. It was then again taken out of the pit.  The plaintiff's buildings are near the quarry, and at the present time the pump is kept in under a shed belonging to the plaintiff. An old derrick belonging to the defendant has remained on the leased premises, but gone somewhat to decay.  The plaintiff has frequently claimed to the defendant that he had forfeited his lease by failure to work the quarry, and asked him to give up the premises.  The defendant on all these occasions has claimed that he had not forfeited his lease and has declined to give up the quarry, and has occasionally entered by his help and put in a blast as already found, but has not worked the quarry, but has occupied only according to the lease, as aforesaid.  If the defendant had surrendered the premises the plaintiff could reasonably have realized a profit of one hundred dollars for the use thereof during the time covered by the writ.  When the plaintiff rested the defendant did so, and claimed on the facts shown that he had no such possession of the premises as would uphold a recovery in ejectment.

" The court found that the quarry as a quarry had not been so worked as required by the lease, and that the lease had, by its terms, become forfeited and void, and held that on the facts the defendant was sufficiently in possession to uphold the action, and rendered judgment for the plaintiff to recover the peaceable possession of the premises, one hundred dollars damages and his costs."

*J. C. Baker* for the defendant.

*Butler & Moloney* and *F. R. Platt* for the plaintiff.

An actual deed upon record is a sufficient possession to warrant an action of ejectment.  *McDaniels* v. *Row*, 17 Vt. 674 ; *Chilson* v. *Buttolph*, 12 Vt. 231 ; *Chamberlain* v. *Donohue*, 41 Vt. 306 ; *Lippel* v. *Kelley*, 46 Vt. 524.

The rule of damages was correct.  *Murphy* v. *Bolger*, 60 Vt. 726.

THOMPSON, J. The defendant insists that he had no such possession of the demised premises as will sustain an action of ejectment. He took possession of the same under the plaintiff's lease, and has ever since occupied them for the purposes for which they were leased. It is true that he has not taken slate from the quarry for some time, but he has been in possession of the premises and done work necessary for operating the quarry from time to time, like blasting rock and pumping water from the quarry. His derrick has remained upon the premises. The plaintiff frequently claimed to the defendant that he had forfeited his lease by failure to work the quarry, and asked him to give up the premises. The court below expressly finds that "the defendant on all these occasions has claimed that he has not forfeited his lease, and has declined to give up the quarry, and has occasionally entered by his help and put in a blast, as already found, but has occupied only according to the lease." It does not appear that the plaintiff has ever taken possession of the premises so as to exclude the defendant from exercising all the rights granted to him by the lease. The defendant did not disclaim when this suit was brought, but stood upon the rights which he insisted he had under the lease, until the trial by the court. The court below has found that he did not surrender the possession of the premises. It did not err in holding, on the facts found, that the action could be maintained. *Chilson* v. *Buttolph*, 12 Vt. 231; *Spear* v. *Ralph*, 14 Vt. 400; *McDaniels* v. *Reed et al.*, 17 Vt. 674.

The defendant now insists that the rule of damages adopted by the court below is purely speculative. The exceptions do not disclose that this point was raised below. It appears that the court found that the use of the demised premises, during the time they were unlawfully detained by the defendant, was worth one hundred dollars, and rendered judgment for that amount of damages. The general rule in

an action for mesne profits is that the plaintiff may recover the annual value of the land from the time of the accruing of his title. This is only another way of saying that he may recover what its use is worth, or the rent therefor. *Lippett* v. *Kelley*, 46 Vt. 516; Sedgw. Dam. (5th Ed.) 135, 125. This was the rule adopted by the court below.

As the defendant makes no point in his brief as to the admission of certain evidence to which exception was taken, there is no occasion for us to consider the same.

*Judgment affirmed.*