(47 Misc. Rep. 237.)

PALMIERI v. ANTINOZZI et al.

(Supreme Court, Special Term, New York County. May, 1905.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION—RIGHT TO BRING EJECTMENT.

A reservation to the lessor of a right of re-entry in case of a breach of covenant by the lessee authorizes the lessor to bring ejectment in case of such a breach.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 1183.]

2. SAME—BREACH OF COVENANT—COMPLIANCE WITH MUNICIPAL REQUIREMENTS—REASONABLENESS OF REQUIREMENTS.

In ejectment by a landlord against his tenant for the breach by the latter of a covenant to comply with the orders of the board of health and other municipal departments of the city of New York, no question being raised as to a waiver of the breach, the reasonableness of requirements of the tenement house department, for noncompliance with which the action is brought, is not in issue.

3. SAME—CONSTRUCTION OF COVENANTS.

A covenant in a lease that the tenant shall comply with the orders of "municipal departments of the city of New York" included the tenement house department of such city, although its existence began at a date subsequent to the execution of the lease.

4. SAME—PROVISIONS FOR INDEMNITY.

Where a covenant in a lease bound the lessee to obey all orders of the municipal departments of a city, and provided for the payment of an indemnity to the lessor for any loss arising through the neglect of the lessee to obey such orders, the lessee was bound to obey the orders, and it was not optional with him to either obey them or pay the indemnity.

Action by John Palmieri against Antonia Antinozzi and others. Judgment for plaintiff.

Martin Wechsler, for plaintiff.
Witte & Brande, for defendants.

BISCHOFF, J. The action is plainly the ordinary common-law action for ejectment, and not, as counsel for defendants designates it, a "summary proceeding" to recover the possession of land, which is purely statutory. Hence so much of counsel's brief as aims to show that the facts do not authorize the relief asked for by the plaintiff, that summary proceedings do not lie for a mere breach of the lessee's covenant, and that such proceedings cannot be authorized by agreement of the parties to the lease for a case not within the statute, is wholly irrelevant.

The cause of action is predicated of the defendant lessee's breach of her covenant "to obey and comply with all orders from the board of health, the building department, the fire department, the police department, and any and all other municipal departments of the city of New York affecting said demised premises," etc., and the reservation to the lessor of a right of re-entry, "if default shall be made in any of the covenants" on the part of the lessee. The pleadings raise no question as to any alleged waiver of the forfeiture claimed (Code Civ. Proc. § 500, subd. 2; Pom. Rem. & Rem. Rights [2d Ed.] § 712; 8 Ency. of Pl. & Pr. 6, 7), and the reasonableness of the requirements of the tenement house department, for noncompliance with which the lessor's re-entry is sought, is not thereby placed in issue. The authority of the tenement house department respecting these requirements, in part at least, has been affirmed by the court of last resort in this state (Tenement House Dept. of City of New York v. Moeschen, 179 N. Y. 325, 72 N. E. 231), and that compliance therewith will result in a considerable expenditure of money has been held to present no excuse for noncompliance (Id., 89 App. Div. 526, 85 N. Y. Supp. 704).

Notice, before suit, of the lessor's intention to re-enter is required in a case where the lease reserves a right of re-entry for the lessee's "default of a sufficiency of goods and chattels whereon to distrain for satisfaction of rent due" (Laws 1846, p. 369, c. 274; Code Civ. Proc. § 1505), or where the lease provides for such a notice. It is not required where the lease has come to an end and the lessor has become reinstated in his right to possession of the demised premises by the agreement of the parties upon the happening of a particular event, as here, the lessee's failure to comply with the orders of the tenement house department. Newell Eject. 187, § 21; Allen v. Jaquish, 21 Wend. 628; Jackson ex dem. Van Alen v. Rogers, 2 Caines Cas. 314. The mere breach of a covenant, it is conceded, does not authorize ejectment, but the reservation to the lessor of a right of re-entry for such a breach does. Wood, Land. & Ten. § 402, and cases in note.

The argument of the defendants' counsel that since the tenement house department, as a separate and distinct division of municipal authority, had not been called into existence at the time the lease was entered into, the lessee's covenant to obey "all orders from * * * any and all other municipal departments of the city of New York" cannot fairly and reasonably be construed to extend to the orders of the particular department, is obviously unsound. The language is sufficiently comprehensive to include a subsequently created division of municipal authority, and it cannot reasonably be maintained that, when the parties thereto entered into the lease, they contemplated that there would be no change in the charter of the city whereby the authority of one department of government would be transferred to another, or to one of entirely new creation. Post v. Kearney, 2 N. Y. 394, 51 Am. Dec. 303. Neither is there any merit in the contention that, because the defendant lessee's covenant to obey the orders of the several departments of the municipal government affecting the demised premises also provided for the payment of indemnity by her to the lessor for any loss which should be occasioned to him because

of her failure to obey such orders, it was optional to the lessee to do the one thing or the other, and that therefore, without proof of a refusal to pay the indemnity, no breach of covenant from which a right of re-entry could accrue is apparent. The covenant is not in the alternative. It bound the lessee to execution of the orders of the several departments, as well as to indemnify the lessor for any loss arising to him from any neglect or refusal so to do. That the lessee was to pay such indemnity did not render her covenant to obey the orders any the less imperative.

Upon the facts admitted by the pleadings and proved on the trial, therefore, there must be judgment for the plaintiff, with costs.

I note the request of the defendants' counsel for a stay of execution of the judgment in the event of an adverse decision, but I incline to the view that it should not be granted. The plaintiff is bound to carry the orders of the tenement house department, issued in the furtherance of the public health, into effect, and is entitled for such purpose to enter upon the premises wholly aside from his right to maintain this action. Barnum v. Fitzpatrick (Com. Pl.) 16 N. Y. Supp. 934, reversing 27 Abb. N. C. 334, cited by defendants' counsel; Sulzbacher v. Dickie, 51 How. Prac. 500, 518; 18 Am. & Eng. Encyc. of Law (2d Ed.) 449. It appears that he has already incurred three distinct penalties for his neglect and the effect of stay of execution could only be to involve him in further penalties for enforced disobedience, besides continuing a condition which the properly constituted authority has denounced as a menace to the public health.

Judgment for plaintiff, with costs.