MARY A. BROOKS et al., Appellants, v. GAFFIN.

### Division Two, May 22, 1906.

MINING LEASE: Conditions Broken: Ejectment. Ejectment will lie to recover land that has been leased for mining purposes for failure of the lessee to comply with the conditions of the lease, where the lease contains a provision for forfeiture for breach of an essential condition of the lease, whether the right of re-entry is expressly reserved in the lease or not. [Following and approving Brooks v. Gaffin. 192 Mo. 228.]

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

REVERSED AND REMANDED (*with directions*).

*Alexander Graves* for appellants.

(1) The lease contains a clause of forfeiture for the failure to perform any of its conditions and the ten

days notice of forfeiture was served on Gaffin by the sheriff. (2) Plaintiffs' instructions should have been given, and the judgment should have been for plaintiffs. Kirk v. Mattier, 140 Mo. 35; Ruddick v. Railroad, 116 Mo. 34; Avery v. Railroad, 113 Mo. 561; Brooks v. Gaffin, 192 Mo. 228; Gray v. Blanchard, 25 Mass. 289; Taylor v. Brice, 7 Ind. App. 553; Brink v. Steadman, 70 Ill. 243; Village of Morgan Park v. Graham, 136 Ill. 524; Tyler on Ejectment and Adverse Possession, p. 282. (3) Respondent has broken the conditions.

FOX, J.—This is an action of ejectment to recover certain coal lands which had been leased to defendant by Alexander Brooks in his lifetime, and the cause is now here upon appeal from a judgment in the Lafayette Circuit Court. The cause of action is thus stated in the petition of plaintiff filed in the circuit court of Lafayette county:

"Plaintiff avers that the said plaintiffs, Sydney W. Brooks, Clellia John Brooks and Mary E. Brooks, are infants, being under the age of twenty-one years, and that they sue by their lawfully appointed and duly qualified guardian of their person and curator of their estate, Mary A. Brooks, who is an adult, and also sues in her own right as co-plaintiff.

"Plaintiffs aver that the said Mary A. Brooks is the widow and the other plaintiffs are the children and only heirs at law of Alexander Brooks, deceased, who departed this life on or about the —— day of February, 1901, seized and possessed of the following described premises, situate in the county aforesaid, to-wit:

"The northwest quarter of the northeast quarter of section one, township fifty, range twenty-seven, that part of the west half of the southwest quarter of section thirty-six, township fifty-one, range twenty-seven, that lies south of the right of way of the Missouri Pacific Railway Company, except sixty-six feet off of the west side of the southwest quarter of the southwest

quarter of said section thirty-six, and ten acres off of the west side of the east half of the southwest quarter of said section thirty-six, and the west side of the northeast quarter of the northwest quarter of said section one, except one-half acre off the south end of said ten-acre tract, said strip being made by a line beginning at a point on the south line of the said railway right of way and running south parallel with the section line to the south line of said northeast quarter of the northwest quarter of said section one.

"Plaintiffs aver that upon the death of said Alexander Brooks the title in fee and right of possession of said property descended to and vested in said plaintiffs.

"Plaintiffs aver that on the 8th day of January, 1903, they were lawfully entitled to the possession of the premises above described and that being so entitled to the possession of the same the defendant afterward, on the 9th day of January, 1903, entered into such premises and unlawfully withholds from plaintiffs the possession thereof, to their damage in the sum of one hundred dollars. Plaintiffs further aver that the monthly value of rents and profits of said premises is fifty dollars.

"Plaintiffs further aver that said defendant has committed waste upon said premises on said 9th day of January, 1903, and on sundry and divers other days by wrongfully and without leave entering on said premises and digging, excavating and carrying away the coal thereunder, to the value of two hundred and fifty dollars, to the damage of plaintiffs in the sum of two hundred and fifty dollars.

"Wherefore, plantiffs demand judgment for the recovery of said premises and one hundred dollars damages for unlawfully withholding same from plaintiffs, and the further sum of two hundred and fifty dollars for the said waste committed as aforesaid, and fifty dollars

196 Sup.—23

for monthly rents and profits from the rendition of of judgment until the posssession of the premises is delivered to plaintiffs and for all other and further general relief."

The answer was a general denial. Upon the trial the facts are practically undisputed.

Mary A. Brooks is the widow of Alexander Brooks and her co-plaintiffs are his children and heirs at law. The legal title to the land involved in this controversy was in Alexander Brooks, and upon his death descended to the plaintiffs in this cause. Prior to the death of Alexander Brooks he executed a mining lease to the defendant. This lease was introduced in evidence. It can serve no useful purpose to reproduce such lease in full; but it is sufficient to indicate substantially some of the essential clauses. It contained the following express clause regarding the forfeiture. It provided: "On the non-performance of or non-compliance with any of the terms or conditions of this agreement on the part of the second party [Otho M. Gaffin] this lease shall be forfeited at the option of the party of the first part, who shall be entitled to re-enter and take possession of the premises on ten days written notice to that effect to said second party, his assigns, or legal representatives. The second party [Otho M. Gaffin] for himself, assigns and legal representatives agrees to surrender the peaceful and full possession of the premises on the termination, expiration or forfeiture of this lease, without further notice or demand than expressed in this agreement."

In substance the following conditions were embraced in said lease:

"First: The condition whereby he agreed in good faith and with all proper expedition to mine and remove the coal from said premises.

"Second: The condition for the first two years of this lease to mine and remove sufficient coal at least to keep the face of mining on the above premises even

with the face of coal or second party on the adjoining land now being mined by him.

"Third: The condition and that during the remaining years of said lease he will mine and remove at least 16,000 bushels per month from September 1 of each year to April 1 of the following year, and at least one-fourth that amount during the other months of the year, and in default of mining such quantities, he will pay for at least that number of bushels at each monthly pay day.

"Fourth: The condition to make settlements on the twentieth day of each month of all coal mined to the first of such month and unpaid for.

"Fifth: The condition to have the survey made of said mines twice each year at his own expense and exhibit such survey to said first party, so as to show how the face of coal is progressing on his land."

We have carefully analyzed the evidence as disclosed by the record and without undertaking to further detail it, it is sufficient to say that it is not seriously contended that the evidence failed to establish that some one or more of the conditions embraced in the mining lease hereinbefore pointed out, were broken and not performed in accordance with the terms of said lease. The record discloses ample and sufficient evidence to have fully warranted the court in finding that the conditions of such lease had not been complied with. The notice required under the provisions of the lease, in order to entitle the party of the first part to re-enter and take possession of the leased premises, was given and served on the defendant December 20, 1902.

At the close of the evidence plaintiffs tendered numerous instructions and requested the court to so declare the law to the court, sitting as a jury. We deem it unnecessary to burden this opinion with a reproduction of the instructions; it is sufficient to say that some of them at least declared the law in such terms as rendered them in harmony with the rules of law announced

in the case decided by Division No. 1 of this court (which will be referred to in the course of the opinion) between the same parties and involving identically the same legal propositions. All of the instructions requested by plaintiffs were refused and the cause being submitted to the court, judgment was rendered for the defendant. Plaintiffs' motion for new trial being denied, this appeal was prosecuted to this court and the cause is now here for review.

### OPINION.

An examination of the record in this cause makes it apparent that the main legal propositions here presented are about the same as those in Brooks v. Gaffin, 192 Mo. 228, recently decided by the other division of this court. That case was between the same parties, and while there were other legal questions in that case not presented in this, yet those involved in this case were embraced in that proceeding, and fully discussed and a final conclusion announced upon them.

The main subject of the controversy in these two cases was in respect to a mining lease, both leases containing similar conditions and clauses, providing for forfeiture upon failure to comply with such conditions. In the case cited, which was decided in Division No. 1 of this court, the answer set up new matter in the nature of an equitable defense to plaintiffs' action for the recovery of the possession of the premises. Not so in the case at bar; the answer was simply a plain general denial. The main proposition upon which the decision in the former case turned, was whether or not the action of ejectment would lie for the breach of an essential condition contained in the mining lease. That is the vital question presented for consideration in this case. That proposition was fully covered in Brooks v. Gaffin, supra. Responding to the contention of defendant in the case just cited the court, speaking through MARSHALL, J.,

said: "Whatever may be the rule in other States, and whatever expressions may be found in the earlier cases, which seem to bear out the idea that ejectment will not lie for the breach of a condition subsequent, the later decisions in this State fully sustain the doctrine that, where the deed contains a provision for forfeiture for a breach of an essential condition of the deed, ejectment will lie for the possession of the premises. The earlier cases were made to depend largely upon the question whether or not the right of re-entry was expressly reserved, but the later cases in this State hold to the rule that a right of re-entry need not be expressly reserved, but such a right is a necessary incident to the condition, and if the condition is broken the right of possession immediately arises. [Ruddick v. Railroad, 116 Mo. loc. cit. 31, 34; Kirk v. Mattier, 140 Mo. loc. cit. 34.]" It was further stated during the course of the opinion that "parties have a legal right to make their own contracts and, so long as they violate no inflexible rule of law, courts must give effect to them, and cannot relieve either party from the effects and consequences of his own contract."

That case fully reviews the authorities applicable to the proposition and then takes up the Kirk case, 140 Mo. 34, which involved at least one of the most essential features of the case at bar, that is, as to whether or not an action of ejectment would lie to recover land that had been leased for mining purposes under a forfeiture of the lease because of the failure of the lessee to comply with the conditions of the lease, and fully approved of the rule announced in that case that ejectment would lie and was the proper remedy.

The trial court, in the case between these same parties, which was passed upon by the other division of this court, rendered judgment as it did in this case, for the defendant. The judgment in that case was reversed with directions to enter judgment for the plaintiff.

In view of the conclusions reached in the case de-

cided by Division No. 1, herein referred to, we see no necessity for a repetition of the reasons assigned in support of the rules of law announced applicable to the subject, which was before the court in that proceeding, and is involved in the case now in hand. It is sufficient to say that we approve the conclusions reached by the other division of this court in the case heretofore cited between these parties, and that is decisive of the legal propositions involved in this case.

The judgment of the trial court should be reversed and the cause remanded with directions to enter judgment for the plaintiff, and unless damages for the detention of the premises are waived, to ascertain the amount of such damages and enter judgment in favor of plaintiff therefor, and it is so ordered.

All concur.