## ALLEN v. HOUN
### (No 1046; Decided April 2, 1923; 213 Pac. 757)

Pleadings—Petition—Real Actions—Ejectment—Forcible Entry and Detainer—Cumulative Remedies.

1. Petition in action of ejectment, *held,* sufficient under Sec. 6236 C. S. 1920.

2. A lease stipulation that lessor should have the right to reenter the land upon conditions broken, or covenants violated, authorizes an action in ejectment by lessor to recover possession.

3. The summary remedy of forcible entry and detainer, and unlawful detainer, provided by Secs. 6621-22 C. S. 1920 for the possession of real property, is not exclusive but permissive and does not forbid an action of ejectment in any case, where it might have been properly brought at common law.

4. Where a statute, providing a remedy, does not create a new right, but merely gives a new remedy, unknown to the common law, the new remedy will ordinarily be considered additional, or cumulative.

Appeal from the District Court, Fremont County; Hon. C. O. Brown, Judge.

Action by R. E. Allen against Jacob Houn to recover possession of real property. There was judgment for plaintiff and defendant appeals.

*A. C. Allen,* for appellant.

The District Court was without jurisdiction to render judgment. Plaintiff's remedy, if any, was by action under Section 5349 C. S. 1910 for forcible entry and detainer over which the District Court would have only appellate jurisdiction. Exclusive original jurisdiction is vested in courts of justices of the peace. (Sec. 3549 C. S. 1910, Art. V, Section 10.) District Courts have jurisdiction in error in cases of this class. (Sec. 5134 C. S. 1910.) If an affirmative statute, which is introductive of a new law, directs a thing to be done in a certain manner that thing shall not, even though there are no negative words, be done in any

other manner. There is nothing in the code of Wyoming to expressly grant to the District Courts the right to hear and determine cases of forcible entry and detainer, except as an appellate court or on the ground provided under Section 5135 C. S. 1910 permitting common law practice in certain cases where no civil procedure has been provided. The essentials of jurisdiction are: First, that the court have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be in substance and effect within the issue. (Munday v. Vale, 34 N. J. L. 418.) Courts of general jurisdiction may have special powers conferred by special statute but such powers do not belong to it as a court of general jurisdiction. And in the exercise of such powers a court of general jurisdiction will be regarded as a court of limited and special jurisdiction. (Watts v. Dull, 184 Ill. 91; Galpin v. Page, 18 Wall. 350; Morse v. Presby, 25 N. H. 384; Fergeson v. Jones, 17 Ore. 204; Peacock v. Bell, 1 Saund. 69.) In attachment proceedings the court of general jurisdiction acts under special statutory power only. (Cariker v. Anderson, 27 Ill. 358; Rowley v. Berrian, 12 Ill. 198; Varin v. Edmonson, 5 Gill. (Ill.) 274; Laurence v. Yatemen, 2 Scan. (Ill.) 15.) And the statute must be strictly followed. (Gaudy v. Hall, 30 Ill. 109; Miller v. Hendy, 40 Ill. 448; Campbell v. McCahan, 41 Ill. 45; Clarke v. Thompson, 47 Ill. 26.) The rule applies to ejectment. (Hulls v. Buntin, 47 Ill. 396; Denning v. Corwin, 11 Wend. 648; Thatcher v. Powell, 6 Wheat. 119. See also Latham v. Edgerton, 9th Cow. 227; Rogers v. Dill, 6 Hill, 415; Bloom v. Burdick, 1 Hill, 130; Mills v. Martin, 19 Johns. 7; Jackson v. Esty, 7 Wend. 148; Dakin v. Hudson, 6 Cow. 221; Borden v. Fitch, 15 Johns. 121; Bigelow v. Stearns, 19 Johns. 39.)

Justices of the peace have exclusive jurisdiction in forcible entry and detainer. (Jenkins v. Jefferis, 29 Pac. 189.) The action of forcible entry and detainer cannot be substituted for ejectment. (Ginn v. Rogers, 9 Ill. 135; Fitz-

gerald v. Quinn, 165 Ill. 360.)   The procedure provided by
statute must be followed.   (Steiner v. Priddy, 28 Ill. 179;
Schaumtoeffel v. Belm, 77 Ill. 567; French v. Willer, 126
Ill. 611; Burns v. Nash, 23 Ill. App. 552.)   Jurisdiction fol-
lows the mode prescribed by statute.   (Cooper v. Sunder-
land, 3 Iowa 114; Cohan v. Barrett, 5 Cal. 196; Renwich
v. Morris, 7 Hill (N. Y.) 575; McDonald v. Stiles, 54 Pac.
487.)   The question of jurisdiction may be raised at any
time.   (7 R. C. L. 1043.)

*Bryant S. Cromer*, for respondent.

Without conceding that justices of the peace have exclu-
sive original jurisdiction in forcible entry and detainer the
law on the subject having been settled in Jenkins v. Jeffrey,
5 Wyo. 670, we submit that the point is not material to the
present case, which, in addition to seeking restitution, in-
cludes a demand for damages for withholding possession, in
the sum of $1386, a restraining order against interference
on the part of defendant and for general relief.   Damages
and injunctive relief are beyond the jurisdiction of a jus-
tice's court.   The jurisdiction in forcible entry and detainer
is limited to restitution of the premises in suit, (Sec. 6228
C. S. 1920), and in proper cases for rent due and payable
(Sec. 6222 C. S. 1920), the action lies against tenants hold-
ing over their terms, or for failure to pay rent.   This action
is brought under Section 6236 C. S. 1920 to recover realty.
The action of ejectment lies for the recovery by a landlord
of the possession of real property where the landlord is en-
titled to possession.   (24 Cyc. 1399; Chauvenet v. Person,
217, 464; 11 L. R. A. (N. S.) 417; Hill v. Pinque, 178 Pac.
952.)   The action is brought to recover possession and for
damages in two counts.   The judgment should be affirmed.

BLUME, Justice.

Plaintiff R. E. Allen, appellee here, brought this action
against defendant Jacob Houn, appellant here, in the Dis-
trict Court of Fremont County, alleging among other things
"that the plaintiff is now and at all times mentioned was the

owner of and had a legal estate in and to certain real prop-
erty in Fremont County, Wyoming, more fully described
as'' the east one-half of north-west quarter of Lot 2, Sec-
tion 30; and the northeast quarter of the southeast quarter
of Section 30, Twp. 1 N. R. 4, ''and that the plaintiff is
entitled to the possession of the said above described prem-
ises, together with the possession of all of the houses, barns,
corrals, and other improvements thereon, and that defend-
ant unlawfully keeps the plaintiff out of possession of said
premises.'' Plaintiff further alleges that he, as lessor, en-
tered into.a five year's lease for said premises with defend-
ant as lessee, on February 25th, 1918, said lease containing
certain covenants and conditions, which are set out, includ-
ing the agreement that, should the lessee fail, neglect or re-
fuse to keep or perform the covenants and conditions of
the lease, it should be lawful for the lessor to immediately
declare the contract forfeited and cancelled and to enter
upon and take charge of the premises. It is further stated
that said lessee failed and refused to comply with certain of
the covenants and conditions of said lease, including failure
to farm said premises in good workmanlike manner, failure
to properly stack the hay, refusal to permit lessor to use
part of the pasture, and refusal to occupy that part of the
buildings designated and provided for in the lease; that
said lessor accordingly has terminated said lease and that
he gave written notice thereof to defendant. Plaintiff asks
for restitution of the premises, together with damage and,
generally, other equitable relief. The lower court found
for the plaintiff, and entered judgment accordingly. From
this judgment the defendant appeals.

1.   The only error assigned is that the District Court had
no jurisdiction, based on the contention that the action
herein is one of forcible entry and detainer, of which only
justices of the peace have original jurisdiction, and that an
action between a landlord and tenant to recover possession
of the premises leased cannot be brought as an original ac-
tion in the District Court. Section 6236 of the Wyoming

Compiled Statutes 1920 provides for the requirements of a petition in cases commonly called or known as ejectment, of which the District Court has original jurisdiction, as follows:

"In an action for the recovery of real property, it shall be sufficient if the plaintiff state in his petition that he has a legal estate therein, and is entitled to the possession thereof, describing the same   *   *   *   and that the defendant unlawfully keeps him out of the possession; and it shall not be necessary to state how the plaintiff's estate or ownership is derived."

Sections 6621 to 6635 of the statutes of 1920 provide for summary actions in forcible entry and detainer before justices of the peace. Section 6625 provides that in such a case plaintiff shall in his petition describe the property the possession of which is claimed and shall state the facts upon which he relies in order to recover the premises. Without deciding the point, it may be assumed that the plaintiff here might well have brought this action under the provisions of these sections. But we think it clear that he did not, but meant to and did bring an action in ejectment. This we think appears clearly from the fact that he brought his action directly in the District Court, and that his petition, of which we have quoted portions verbatim, comes within the requirements of Section 6236, supra, relating to such actions. As to whether or not, in cases like the present, the allegations provided for in the last mentioned section of the statute are the only essential allegations, or whether other facts, and what facts, should be pleaded in addition, we need not determine; the petition here, in addition to pleading the allegations necessary under Sec. 6236, supra, also sets out the facts of the case generally, and in the absence of any question raised in regard thereto, we should treat it sufficient to confer jurisdiction on the District Court, provided that such action, upon the facts, could properly be brought in that court, a question which we shall now proceed to consider.

2. The ordinary common law remedy by which a landlord may recover possession is the action of ejectment; and this is in fact the only civil remedy to which he can resort when the statute does not authorize a summary proceeding for the recovery of possession. (Taylor L. & T. (9th Ed.) Sec. 698.) The authorities are not entirely agreed as to whether a right of re-entry exists, and hence an action in ejectment lies, in the absence of a provision in the lease authorizing such re-entry (See Taylor, supra, Sec. 494; 24 Cyc. 1349, 1351; Brooks v. Gaffin, 192 Mo. 228, 90 S. W. 808; Same v. Same, 196 Mo. 351, 95 S. W. 418.) But the rule appears to be one of entire unanimity among the courts, that where, as in the case at bar, it is stipulated in the lease that the lessor shall have the right to re-enter the land upon conditions broken or covenants violated, then upon the happening of the breach stipulated for in the lease, an action in ejectment will lie in favor of such lessor to recover the possession of the premises leased. (9 R. C. L. 864; 19 C. J. 1033; 24 Cyc. 1399, 1400, 1406; Roach v. Hefferman, 65 Vt. 485, 27 Atl. 71; Bowyer v. Seymour, 13 W. Va. 12; Rooks v. Seaton, 1 Phila. 106; Jackson v. Brownson, 7 Johns. 227, 5 Am. Dec. 258; Palmieros v. Antinozzi, 47 Misc. 237, 95 N. Y. S. 865; Weinman v. Trainer, 186 N. Y. S. 587; Holding Co. v. Feldman, 269 Fed. 306; Shannon v. Long, 180 Ala. 128, 60 So. 273; Merrill v. Gordon, 15 Ariz. 521, 140 Pac. 496; Brooks v. McLinden, 6 Ind. Terr. 481, 98 S. W. 166.) It seems, however, to be claimed that, since the existence of the right of summary proceedings in forcible entry and detainer, and unlawful detainer, the remedy of an action in ejectment no longer applies in cases like the present. But the statute providing for these summary proceedings is not exclusive by its terms. Section 6621, Wyo. Comp. Stat. 1920 provides that any justice of the peace "shall have power" to try such actions. Section 6622 provides that "proceedings under this chapter may be had" under the conditions enumerated. These provisions are, therefore, permissive, and in no manner compel a landlord

to resort thereto in order to obtain the relief provided for therein, if the same relief may also be had in an action of ejectment at common law.   Civil actions in forcible entry and detainer or unlawful detainer were not known to the common law; that remedy is purely statutory.   (White v. Veitch, 27 Wyo. 401, 405, 197 Pac. 983, 26 C. J. 811.)   And the rule is that where a statute providing a remedy does not create a new right, but merely gives a new remedy not known to the common law, the new remedy will ordinarily be considered as not exclusive but merely cumulative.   (1 C. J. 990; 12 C. J. 194.)   This general rule has at various times been specifically upheld in cases similar to the case at bar, and the law appears well settled that summary proceedings in forcible entry and detainer constitute simply an additional and cumulative remedy in cases brought by a landlord to recover possession from a tenant, and not to forbid the institution of an action in ejectment in any case where it might have been properly brought at common law. (26 C. J. 870; 19 C. J. 1033; Williams v. Potter, 2 Barbour 316; Van Raenselaer v. Snyder, 9 Barbour 302; Compton v. Chelsea, 139 N. Y. 538, 34 N. E. 1090; Rutter v. Maher, 147 Ill. App. 622; Alden v. Lee, 1 Yates (Pa.) 160; Edwards v. Collins, 198 Mo. App. 569, 199 S. W. 580; Deneke v. Miller, 142 Iowa 486, 119 N. W. 380, 19 Ann. Cas. 949; The Chicago Great Western Ry. Co. v. The Iowa Central Ry. Co., 142 Iowa 459, 119 N. W. 261; Abbott v. Coates, 62 Neb. 247, 86 N. W. 1058.)

In the last case cited the court said:

"The contention is urged that plaintiff has mistaken his remedy in bringing ejectment in this suit and in not proceeding under Section 1020 of the Code of Civil Procedure, by an action of forcible entry and detainer.   It can hardly be possible that this contention is seriously relied upon, as it has long been held that where the holder of the legal title to real estate is dispossessed, his proper remedy is by ejectment.   (Gregory v. Lancaster County Bank, 16 Nebr. 411.) While Section 1020 of the Code would have permitted plain-

tiff in this case to proceed by forcible entry and detainer, yet such provision. is plainly a cumulative and not an exclusive remedy.''

In the case of Deneke v. Miller, supra, the same contention was made as in this case and the court said:

''We are thus brought down to the pivotal question in the case: · Will an action of right or to recover real property lie on behalf of a landlord against his tenant to recover possession of the property leased where the landlord claims that there has been a forfeiture of the lease by reason of a breach of the conditions thereof? Our statutes seem broad enough to permit it, and such in effect is the holding in Cagwin v. Chicago, etc., R. Co., 114 Ia. 129, 86 N. W. 220. Moreover, the rule for this country in view of the statutes providing how tenancies may be terminated and rights of re-entry established now is that an action of right or ejectment will lie on behalf of a landlord in such cases. (See Warvelle on Ejectment, Secs. 150, 151, and cases cited.) And the action may be maintained on behalf of an assignee or grantee of the original landlord. (Warvelle on Ejectment, Sec. 153.) The remedy of forcible entry and detainer is regarded as cumulative and not exclusive. (Chadwick v. Parker, 44 Ill. 326, and Warvelle, supra, Sec. 151. * * *.

That the action of forcible entry and detainer does not supersede any common-law remedy of the landlord, see Bowman v. Foot, 29 Conn. 331. We have recognized the right of a landlord to maintain an action of right in Patton v. Bond, 50 Ia. 508. See also Roach v. Heffernan, 65 Vt. 485, 27 Atl. 71; Miller v. Havens, 51 Mich. 482, 16 N. W. 865. Many cases seem to hold that in the absence of a provision in the lease for forfeiture for breach of condition, the right does not exist, unless there be a statute authorizing it. See 24 Cyc. 1350, 1351, and cases cited. ·We need not decide this question now, for the lease before us provides for a forfeiture, and the statute (Code, Sec. 4208) authorizes forfeiture for nonpayment of rent and for a holding by the tenant contrary to the terms of his lease.''

We are, therefore, constrained to overrule the assignment of error of appellant, and it follows that the judgment of the court below should be and it is hereby affirmed.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.